## FOURTH DEPARTMENT, JUNE, 1971

### (June 25, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MARTHA POWERS and JAMES JOHNSON, Respondents.— Order affirmed. Memorandum: On May 10, 1967 an officer of the Buffalo Police Department Narcotics Squad obtained a search warrant authorizing a search of 373 Glenwood Avenue, Buffalo, premises occupied by defendants Martha Powers and James Johnson, as well as the persons of the two named defendants, based upon an affidavit which alleged: " 2. I have information based upon facts received from a reliable informant, that said informant's information has been reliable in the past, said information has been proven to be true * * * and * * * resulted in arrests for violations of the Narcotics Sections of the New York State Penal Law. * * * Informant did state that Martha Powers is selling narcotics from her apartment at 373 Glenwood Avenue, Buffalo, New York. Informant also stated that Martha Powers is possessing narcotics and instruments adapted for the administering of narcotics in her apartment * * * deponent and other members of the Narcotics Squad have had the premises * * * under surveillance on * * * May 8, * * * 9, * * * 10, 1967 * * * [and] * * * have seen known narcotics addicts and suspected pushers both enter and leave the premises in question during the daytime and the night time [sic]. On the dates listed above, James Johnson was seen both entering and leaving the premises * * * both during the nighttime and daytime, he always drove up in a 1967 Imperial, maroon color, license number 2C-1922 ". Shortly after 5:00 p.m. on May 10, 1967 defendant Johnson entered the premises at 373 Glenwood. He left about 20 minutes later in a Chrysler Imperial, passed a red light or stop sign on Roehrer Street and was stopped by two officers who had had the premises under surveillance and followed him when he left. Johnson, upon being asked for identification, knocked a detective's badge from his hand and was thereupon placed under arrest for failing to obey the reasonable request of an officer. The police then conducted a cursory search of Johnson's car for possible weapons. Because a crowd of about 30 people gathered, the police decided it would be advisable to return to 373 Glenwood. One of the police officers drove Johnson's car. The officers and defendant Johnson arrived at the Glenwood premises at 5:40 P.M. where a search of the premises under the authority of the warrant was underway. Johnson was taken inside. During the search of the house, glassine envelopes containing a white powder were found.

At 6:20 P.M. a police officer came out, unlocked Johnson's car, searched it and found glassine envelopes in a leather pouch attached to the rear of the passenger's seat. The evidence thus obtained at the defendant Powers' premises and in the defendant Johnson's automobile, was suppressed following a hearing. The trial court correctly suppressed the evidence seized from the premises at 373 Glenwood because the information furnished by the informant did not sufficiently detail the underlying factual circumstances to establish its reliability (*Aguilar* v. *Texas*, 378 U. S. 108); nor was it clear from the informant's conclusory statements that the informant was speaking from first-hand knowledge (*Spinelli* v. *United States*, 393 U. S. 410; *People* v. *Hendricks*, 25 N Y 2d 129, 136); nor that there were independent observations by police officers (*People* v. *Cerrato*, 24 N Y 2d 1), sufficient to supply probable cause, since the goings and comings of known drug users to these premises is as consonant with innocence as with guilty possession (*People* v. *Dumper*, 28 N Y 2d 296; *People* v. *Williams*, 20 N Y 2d 388, 392). The trial court also correctly suppressed the evidence obtained from a search of defendant Johnson's automobile. " A search is reasonable if conducted pursuant to a legal search warrant, by consent, or incident to a lawful arrest " (*People* v. *Loria*, 10 N Y 2d 368, 373) or if probable cause exists to believe that evidence of crime is concealed therein (*Chambers* v. *Maroney*, 399 U. S. 42, 49). The rule which permits a contemporaneous search is justified by the need of the officer to prevent the destruction of evidence, to seize weapons which might be used against him or to effect an escape (*Agnello* v. *United States*, 269 U. S. 20, 31; *People* v. *Lewis*, 26 N Y 2d 547, 551). Here the cursory search for the purpose had been made and completed. Later, with defendant Johnson in police custody at 373 Glenwood Avenue, the unlocking and searching of his automobile was " simply not incident to the arrest " (*Preston* v. *United States*, 376 U. S. 364, 367). Further, there was no consent of record. The search warrant held here to have been issued without probable cause did not, in any event, include a description of defendant Johnson's automobile and, therefore, did not justify a search of it (*People* v. *Dumper, supra*). If during the search at the scene the glassine envelope had been discovered, it would undoubtedly have been valid. However, the delayed search at 373 Glenwood Avenue may not be justified on the theory of self-protection (*People* v. *Lewis, supra*). There being no showing of probable cause, and the car having been taken into police custody, a search warrant should have been obtained to authorize a search of the vehicle (see *Chambers* v. *Maroney, supra*, p. 51). Without it, the evidence obtained therefrom was properly suppressed. All concur, except Moule, J., who dissents in part, in the following Memorandum: The search of James Johnson's car, made after he refused to obey the reasonable request of a police officer, was a valid search made incidental to an arrest and did not require a warrant. (*Preston* v. *United States*, 376 U. S. 364; *People* v. *Loria*, 10 N Y 2d 368, 373). A search of a defendant's automobile in a similar situation, after he had been taken to the police station " for investigation " and the police had sent out an emergency squad to open the trunk of defendant's car, has been upheld. (*People* v. *Cassone*, 14 N Y 2d 798, cert. den. 379 U. S. 892.) (Appeal from order of Erie County Court, granting motion to suppress evidence.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.