(March 10, 1977)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE CARTER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 17, 1976, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree. Based on the affidavit of Police Officer Sutton, a search warrant was issued on August 17, 1975 directing a search of "the person of Clarence Carter and the premises of 20 Elizabeth Street, Albany, New York." In his affidavit Officer Sutton stated: That he had a telephone conversation between August 11 and August 15, 1975 with an informant who informed him that the defendant was selling heroin in the area of a certain methadone clinic and that the informant was present at a number of these sales between August 11 and August 15, 1975; that another informant disclosed that he had seen the defendant selling heroin at the methadone clinic; that the information supplied by both informants was based on their personal knowledge and direct observation; that information provided by the two informants in the past had led to certain enumerated arrests and convictions, and that Sutton himself had observed the defendant talking and standing with known drug traffickers and users. The search warrant permitted its execution at any time of the day or night. On the day the warrant was issued, Officer Sutton and two other policemen observed defendant and another at approximately 10:30 P.M. in an area admittedly not in the vicinity of the methadone clinic nor the premises described in the warrant. Officer Sutton called to defendant to stop, stating that he had a search warrant. As the officers converged on defendant he apparently was attempting to enter an automobile, and while doing so, threw a shiny object to the ground. One of the officers picked up the object, it was opened and allegedly heroin was found inside. Defendant was then arrested, read his rights and taken to the police station. On the way to the station and while there, defendant made certain oral statements. Defendant was convicted on his plea of guilty to criminal possession of a controlled substance in the fifth

degree. On this appeal, defendant urges that the heroin and his oral statements should have been suppressed. Defendant bases his argument on the contention that the evidence was seized under an invalid search warrant. Initially defendant claims that the affidavit upon which the search warrant was based did not contain factual information sufficient to indicate probable cause for the issuance of the warrant. We disagree. It is this court's view that the information supplied by the informers is sufficient under the two-pronged test enunciated in *Aguilar v Texas* (378 US 108), and establishes probable cause to believe that defendant would have heroin on his person and in his residence. The first prong of the test, the reliability of the informants, was established by the averment that information they previously supplied led to other arrests and convictions *(People v Slaughter,* 37 NY2d 596; *People v Hanlon,* 36 NY2d 549). The reliability of the information, the second prong of the test, was sufficiently established by the allegation that the informants' information was based upon personal observation *(People v Wirchansky,* 41 NY2d 130 [Dec. 22, 1976]; *People v Hendricks,* 25 NY2d 129). We are also of the opinion that the information provided by the informants was not stale at the time the warrant was issued (see *People v De Luca,* 54 AD2d 1061). Defendant also contends that the warrant was improperly executed in that defendant was searched in an area some distance from the methadone clinic and his residence and the search took place at night at a time when the methadone clinic was not open. Defendant relies upon *People v Green* (33 NY2d 496). In that case, however, the warrant limited the authority to search to the premises where the contraband was believed to be *(People v Green, supra,* p 499). In the present case, however, the search of defendant's person was not limited to his residence nor even to the area of the methadone clinic. The supporting affidavit alleged that defendant was selling heroin at the methadone clinic. It was also alleged that defendant had changed his procedure and was taking orders, selling to a choice few and not allowing anyone to come to the house. In our view, it is logical and reasonable that defendant would have to deliver the heroin to the "choice few" by carrying it on his person to various locations in the area, particularly when the methadone clinic was closed. Furthermore, the warrant itself was not limited to defendant's specific residence and persons found therein, but specifically authorized the search of defendant's person and thus *People v Green (supra)* is distinguishable *(People v Easterbrook,* 35 NY2d 913). We are of the opinion that sufficient probable cause existed for the issuance of the warrant and that it was properly executed. Therefore, it was proper to deny suppression of the heroin and the oral statements of the defendant and the judgment must be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Kane and Main, JJ., concur; Mahoney, J., concurs in the following memorandum. Mahoney, J. (concurring). Since there was reasonable cause to believe that the defendant had committed a crime, the police officers could, consistently with statute (CPL 140.10, subd 1, par [b]) and the Fourth Amendment *(United States v Watson,* 423 US 411); arrest him in a public place without a warrant. It is, therefore, not necessary to decide whether the search warrant was over broad.