THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE CARMICHAEL, Respondent.

Fourth Department, March 1, 1978

412

### APPEARANCES OF COUNSEL

*Edward C. Cosgrove, District Attorney (Judith Blake Manzella* and *Nancy A. Piggush* of counsel), for appellant.

*Sheldon M. Markel* for respondent.

### OPINION OF THE COURT

DENMAN, J.

The People appeal from an order of Supreme Court, Erie County, granting defendant's motion to suppress evidence seized pursuant to a search warrant issued by a Buffalo City Court Judge. Defendant urged that probable cause was lacking because the affidavit in support of the search warrant failed to set forth facts in sufficient detail to credit the hearsay information supplied by an unidentified police informant. Because Trial Term decided that issue in favor of defendant, it did not reach the additional question of the reliability of the informant.

The affidavit of Detective Roger C. Masters of the Buffalo Police Department Narcotics Squad stated as follows:

"William Carmichael & Benny Benton are now in possession and selling Heroin from the premises of 287 Dewey St. Upper Buffalo New York and that informant was present

when [W]illiam Carmichael went to the upper flat of 287 Dewey St. Upper Buffalo New York and returned with a package of Heroin. Informant was then given a phone# to the Premises and told that whenever informant needed some Heroin to call that number and he would be able to Get some Heroin. The phone # given to informant 832-6957 was checked with the phone Co. by your deponent and is listed to Benny Benton of 287 Dewey St. Upper Buffalo New York/ Informant stated to your deponent that all this took place after 10:00 PM during the past 3 days 3/24/76 to 3/27/76.

"Informant has given your deponent information in the past which has resulted in the arrest and conviction of Arthur Woods and the arrest and confiscation of Heroin from Willie Raye, Valarie Harris & Melvin Bittles which cases are now pending in Supreme Court.

"Your deponent has been making periodic checks of the above stated premises and have seen [W]illiam Carmichael enter the suspect premises after parking his car in the rear of the premises on a side St. the last time being 3/27/76. 9:05 PM"

■ With respect to the informant's reliability, the recitation in the affidavit that the informant had previously provided the affiant with information which had resulted in the arrest and conviction of one individual and the arrest and confiscation of heroin from several other individuals in pending cases, is an adequate showing to establish reliability of the informant (People v Brown, 40 NY2d 183, 187; People v Slaughter, 37 NY2d 596; People v Hendricks, 25 NY2d 129, 133-134; People v Carter, 56 AD2d 948, 949).

The only facts alleged by the police officer of his own personal knowledge relate to a phone listing and an observation that defendant parked behind and entered the premises for which the warrant was sought. Inasmuch as neither of those elements lends much weight to the hearsay statements of the informer (Spinelli v United States, 393 US 410; People v Wirchansky, 41 NY2d 130), a finding of probable cause depends entirely on the reliability and credibility of the information conveyed to the police officer by the informer as set forth in the affidavit. (See Giordenello v United States, 357 US 480, 486.)

■ In evaluating that information, we can find probable cause if "there was substantial basis for [the magistrate] to conclude that narcotics were probably present" (Jones v

*United States,* 362 US 257, 271; *United States v Harris,* 403 US 573, 581). In order to find such a substantial basis, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were" *(Aguilar v Texas,* 378 US 108, 114).

In *People v Hanlon* (36 NY2d 549, 556) Judge WACHTLER, writing for a unanimous court, characterized this underlying circumstances requirement as a "basis of knowledge test," from which "a Magistrate would be assured that the source was reliable, and could judge for himself the persuasiveness of the facts relied on thereby determining the probable accuracy of the information and of the soundness of the logical deductions drawn from that information."

In some circumstances, the information supplied by the informant may be so detailed as to be self-verifying *(Draper v United States,* 358 US 307; *People v Hanlon, supra,* p 557; *People v Hendricks,* 25 NY2d 129, 134, *supra; People v Schnitzler,* 18 NY2d 457). Clearly, the recitation in the affidavit before us is devoid of sufficient detail to be self-verifying.

The information can also be credited by a statement that the informant personally observed or personally transacted business of an illegal nature with the suspect. *(United States v Harris,* 403 US 573, 579, *supra; Spinelli v United States,* 393 US 410, *supra; People v Wirchansky,* 41 NY2d 130, 133, *supra; People v Hanlon, supra,* p 558; *People v Munger,* 24 NY2d 445, 451.) Stated in another fashion, the hearsay statement is sufficient when "it is clear the informant was speaking from firsthand knowledge." *(People v Hendricks, supra,* p 134; *People v Powers,* 37 AD2d 678, 679.)

█ If the affidavit before us is considered "in the clear light of everyday experience and accorded all reasonable inferences" *(People v Hanlon, supra,* p 559), the informant's personal observation of unlawful possession and trafficking in heroin is implicit. The informer's very recent observations establish that he was present at a vantage point allowing him to conclude that Carmichael went to the upper flat and returned from there with narcotics. Informant was then given a phone number which proved to be for the upper apartment and advised that he could call for more heroin. Admittedly, several particulars are lacking, but in order to establish the probable accuracy of the information, only *some,* not all, of the underlying circumstances must be set forth. *(United*

*States v Ventresca,* 380 US 102, 109; *Aguilar v Texas,* 378 US 108, 114, *supra; People v Brown,* 40 NY2d 183, 186, *supra; People v Slaughter,* 37 NY2d 596, 599, *supra; People v Loewel,* 50 AD2d 483.)

■ Additionally, in deciding close questions with respect to search warrants, the courts have been mindful, and properly so, that search warrant applications are "not composed by lawyers in the quiet of a law library but rather by law enforcement officers who are acting under stress and often within the context of a volatile situation." *(People v Hanlon, supra,* p 559.) Where, as here, a police officer, acting under apparently pressing circumstances, takes the time to seek the authorization of a Magistrate by obtaining a warrant, "the *bona fides* of the police will be presumed and the subsequent search upheld in a marginal or doubtful case." *(People v Hanlon, supra,* p 558; see, also, *United States v Ventresca, supra; People v Brown, supra.)*

Applying those principles to the application for the search warrant before us, we find that the issuing Magistrate had sufficient facts before him to warrant a belief that the law was being violated on the premises for which the warrant was sought and that the affidavit therefore supports a finding of probable cause *(People v Marshall,* 13 NY2d 28, 34).

The order should therefore be reversed, the motion denied and the matter remitted to Supreme Court, Erie County.

MARSH, P. J., MOULE, CARDAMONE and WITMER, JJ., concur.

Order unanimously reversed, motion denied, and matter remitted to Supreme Court, Erie County.