■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ENGLE, Appellant.—Appeal by defendant from a judgment of the County

Court, Orange County, rendered January 13, 1978, convicting him of criminal possession of a controlled substance in the fifth degree, upon a plea of guilty, and imposing sentence. Case remitted to the County Court to hear and report with respect to the questions of (1) whether the additional "confidential affidavit" of the informant, mentioned in the police officer's affidavit, specifies the date of the sighting of the drugs, and (2) whether such additional "confidential affidavit" was actually read by the issuing court prior to granting the search warrant. The appeal is held in abeyance in the interim. Upon the return of the case to this court, counsel for the respective parties are directed to serve and file supplemental briefs. The appellant was convicted of criminal possession of a controlled substance in the fifth degree based upon physical evidence seized pursuant to a search warrant. The police officer's affidavit in support of the application for the warrant sets forth that a reliable informant had reported to the police that he was present in the appellant's apartment and had personally observed illicit drugs. While such averments are ordinarily sufficient to establish the existence of probable cause (see *Aguilar v Texas,* 378 US 108, 114; *People v West,* 44 NY2d 656, 657; *People v Slaughter,* 37 NY2d 596, 599), this is only true where there is some indication as to the *date* of the informant's observations. The latter is necessary inasmuch as no search warrant may issue upon information obtained in the remote past and founded upon so-called "stale" information (see *Zurcher v Stanford Daily,* 436 US 547, 556-557, n 6; *Sgro v United States,* 287 US 206, 210; *People v Hanlon,* 36 NY2d 549, 557). In the case at bar, there is no indication whatsoever in the police officer's affidavit as to *when* the observation was made. However, that affidavit states that "Deponent also has additional affidavit to make available to Judge 'incamera' *[sic]* if the Judge so wishes as the affidavit is a confidential affidavit." As a result, it is not clear to this court whether the additional "confidential affidavit" contains the requisite information as to the time of the sightings and whether the issuing court read the "confidential affidavit" prior to granting the application. Consequently, a remand for a hearing on these twin questions is indicated. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.