OPINION OF THE COURT
Samuel L. Green, J.
Defendant’s motion to suppress evidence seized from his apartment pursuant to a search warrant raises an unsettled question. At issue is whether this court may look beyond a police investigator’s affidavit to the sworn in camera testimony of a confidential informant to determine if the search warrant was issued upon probable cause.
Defendant is charged with criminal possession of a weapon in the third degree, criminal possession of marihuana, criminal possession of drug paraphernalia, criminal possession of a controlled substance and criminal possession of gambling instruments.
On August 5,1981 a State Police investigator applied for a search warrant based upon information from a confiden *1051 tial informant. The officer stated that the informant was reliable and had “recently” observed quantities of LSD and cocaine inside the defendant’s apartment.
The People concede that without the informant’s testimony, the officer’s affidavit would have been insufficient to justify issuance of a search warrant because the “recently” acquired information would have been stale (Sgro v United States, 287 US 206; People v Hansen, 38 NY2d 17, 20; People v Loewel, 50 AD2d 483, affd 41 NY2d 609), and would not have been bolstered by detailed independent observations of the police. (Spinelli v United States, 393 US 410; People v Carmichael, 61 AD2d 411; cf. People v Brandon, 38 NY2d 814.)
Since defendant does not argue that the factual statements in the police officer’s affidavit are deliberately or recklessly false he is not entitled to a hearing on this issue. (Franks v Delaware, 438 US 154; People v Alfinito, 16 NY2d 181; People v Ingram, 79 AD2d 1088.) Defendant merely contends that the information presented to the magistrate by the officer was stale and submits that this court should not look to the informant’s in camera testimony to fill this void.
Probable cause deals with probabilities. The proper test to determine whether a search warrant was lawfully issued is not whether this court upon independent consideration would have reached a different conclusion than the detached and neutral magistrate but whether the magistrate’s conclusion was unreasonable. “[W]hen the magistrate undertakes this factual determination, he should consider all aspects of the information supporting the application.” (People v Hanlon, 36 NY2d 549, 559; emphasis added.) Since the informant was brought before the magistrate and testified under oath there is no reason to ignore his testimony. (People v Wheatman, 29 NY2d 337, cert den sub nom. Marcus v New York, 409 US 1027; cf. People v Brown, 40 NY2d 183.)
This court has reviewed the transcript of the informant’s in camera testimony “in the clear light of everyday experience” (People v Hanlon, 36 NY2d 549, 559) and has concluded that the search warrant was issued upon probable cause. (Aguilar v Texas, 378 US 108.)
*1052 ‘.‘the court: And do you know this Charlie L. Brown who resides at that address?
“informant: Yes.
“court: Have you been at 53 Edna Place?
“informant: Yes.
“court: And, when was the last time you were there?
“informant: Last night is the only time I was there.
“court: Did you observe LSD at that location?
“informant: Yes.
“court: Did you see cocaine present there?
“informant: Yes.
“court: And is there any question in your mind as to whether it was LSD or cocaine?
“informant: No, I am 100 per cent sure about the cocaine.
“court: Why are you giving this information to the police?
“informant: Why?
“court: Yes.
“informant: I do it for money.
“court: Do you understand that you could be prosecuted for perjury if you were purposely and intentionally lying about the facts that you are telling me about?
“informant: I don’t have no reason to be lying to you sir. I don’t get a dime if I don’t come out with nothing.
“court: So, that your observations were both recent and personal and you have given information that have led to convictions of people in the past?
“informant: Several times.”
Defendant’s contention that he is entitled to review the informant’s in camera testimony is without merit. (People v Alaimo, 34 NY2d 187, 190.) Since CPL 690.40 (subd 1) authorizes the Judge issuing the search warrant to examine under oath any person who may possess pertinent information and provides that such examination must be recorded or summarized on the record, a subsequent inquiry into the sufficiency of the warrant application *1053 necessarily includes an examination of the affidavit and the transcript of the proceedings before the issuing Judge. (People v Brown, 40 NY2d 183, 185-188.) This statute is not a discovery device but rather is a deterrent to the abuse of the warrant process by requiring testimony under oath.
In People v Engle (68 AD2d 915) defendant was convicted of criminal possession of a controlled substance in the fifth degree based upon evidence seized pursuant to a search warrant. An officer stated that he personally observed drugs in the defendant’s apartment but did not set forth a specific date. The officer further recited that the confidential informant made an affidavit which the officer would make available to the magistrate in camera. On appeal, the Appellate Division, Second Department, remitted the case to the County Court with respect to “(1) whether the additional ‘confidential affidavit’ of the informant, mentioned in the police officer’s affidavit, specifies the date of the sighting of the drugs, and (2) whether such additional ‘confidential affidavit’ was actually read by the issuing court prior to granting the search warrant.” (People v Engle, supra, p 916.)
On return of the appeal the Second Department, stating that “[t]he County Court has not complied”, unanimously affirmed (72 AD2d 820) and sanctioned judicial review of an informant’s in camera testimony for purposes of ascertaining whether a search warrant was issued upon probable cause.
The Judge, police officer and informant in this case did what is required by the United States and New York State Constitutions. A search warrant was obtained from a neutral magistrate upon probable cause, supported by oath or affirmation. “It is vital that having done so their actions should be sustained under a system of justice responsive both to the needs of individual liberty and to the rights of the community.” (United States v Ventresca, 380 US 102, 112.)
Defendant’s motion to suppress is denied in all respects.