■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD LEE LITTLE, Appellant.—Appeal from a judgment of the Albany County Court, rendered December 18, 1973, upon a verdict convicting defendant of the crimes of possession of a defaced firearm (Penal Law, § 265.05) and possession of a dangerous drug in the fourth degree (formerly Penal Law, § 220.15, as added by L 1965, ch 1030, as amd by L 1969, ch 788, § 3 as repealed by L 1973, ch 276, § 18), both Class D felonies. Pursuant to a search warrant issued on June 5, 1972, police officers entered the home of the defendant on the following day and conducted a search which led to the discovery of, *inter alia,* a .25 automatic handgun and some heroin. After a hearing at which defendant's motion to suppress the items seized was denied, defendant was tried before a jury and convicted of possession of the gun and the heroin, as noted above. On this appeal, he challenges both convictions. Our examination of the record reveals that the information contained in the affidavit of the two police officers which formed the basis for the issuance of the search warrant came solely from confidential informants and that, apart from the testimony of the officers as to the communications of the informants, there was insufficient evidence to establish probable cause for the issuance of the warrant. Such being the case, it was error for the trial court to simply deny defendant's request at the suppression hearing that the prosecution disclose the identities of its informants (cf. *People v Jonas,* 33 AD2d 831). Rather, in an effort to guard against police fabrication of confidential informants while at the same time insuring the safety and future availability of real informants, the court should have conducted an *in camera* inquiry in accordance with the guidelines set forth in *People v Darden* (34 NY2d 177). We decide no other issue at this time. Determination withheld and case remitted to the County Court, Albany County, for a further hearing on the motion to suppress in accordance with this memorandum. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.