Wachtler, J.
On September 20, 1972 a police officer appeared before a Supreme Court Justice in Bronx County and applied for a warrant to search an apartment located on Jackson Avenue in The Bronx. After being sworn the officer orally presented his application to the Judge and his statements were recorded by a court reporter. In substance he stated that a registered police informant had told him that he, the informant, had seen drugs and handguns at the apartment on two occasions. According to the officer the informant saw 50 quarter ounces of heroin being cut and packaged on September 5 and again that very morning, September 20, had seen an undesignated quantity of narcotics being packaged. On both occasions the informant reported observing revolvers and on the last visit the occupant, Eddie Jackson, had offered the informant a job as a lookout during the next packaging operation, expected that evening.
The officer supplied the court with the informant’s registration number, and, in addition, produced the informant who spoke to the Judge off the record. After this conversation the court stated: "I have heard the informer and after * * * hearing the officer the information tallies and I consider that he’s reliable.”
The warrant was issued and when executed the police seized 147 grams of cocaine, approximately 2 pounds of heroin, 2 revolvers, assorted drug paraphernalia and approximately $5,000 in cash. The defendant was one of five persons arrested at the apartment. After his motion to suppress was denied, without a hearing, he pleaded guilty to criminal possession of a dangerous drug in the fourth degree in satisfaction of an indictment charging him with illegal possession of a weapon and various narcotics offenses.
On this appeal the defendant’s first argument is that the warrant application is invalid because it does not comply with CPL 690.35 (subd 1) which provides that "An application for a search warrant must be in writing and must be made, subscribed and sworn to by a public servant”. In our view there *186 was substantial, if not literal, compliance with the statutory requirement. Although the application was orally presented, it was recorded and thus there is a writing, which as indicated was under oath. This, we note, is more than is required by the Fourth Amendment which simply provides that the application be "supported by Oath or affirmation”.
The primary issue on the appeal is whether there was a substantial basis for the court’s finding that the informer was reliable. The defendant claims that there was no such basis because the police officer never supplied the court with any information from which the court could conclude that the informer was credible. The People urge that this is unnecessary when the informer himself is presented to the court for examination.
A warrant application can, of course, be based on hearsay provided there is a "substantial basis for crediting the hearsay” (Jones v United States, 362 US 257, 269; People v Hanlon, 36 NY2d 549, 556, 557). The test as later formulated by the Supreme Court involves two elements. The court "must be informed of [1] some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and [2] some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible’ or his information 'reliable’ ” (Aguilar v Texas, 378 US 108, 114; see, also, Spinelli v United States, 393 US 410; United States v Harris, 403 US 573).
There is nothing unusual about the first requirement. It is fundamental that a warrant cannot be issued on rumor or mere suspicion (Nathanson v United States, 290 US 41). If the affidavit or deposition does not indicate how the information was acquired, by the affiant or his source, the court cannot "judge for himself the persuasiveness of the facts relied on to * * * show probable cause” (Giordenello v United States, 357 US 480, 486; Aguilar v Texas, supra, p 114). This, the Supreme Court has indicated, is the primary basis for the Aguilar holding (Aguilar, supra, p 114, n 4).
There is no doubt that this requirement is satisfied here since the officer stated that the informant had personally seen the narcotics and weapons on the premises. Obviously this information, if credible, would establish probable cause. If the officer had personally made the observations, this in itself would be sufficient to sustain the warrant. The same would be true if the application had been based on the affidavit of a *187 private citizen who had observed the property on the premises (People v Hicks, 38 NY2d 90). In other words, although the court must always determine whether the information is to be credited, this is usually done without requiring a third party to submit proof vouching for the source of the information.
Nevertheless the second prong of the Aguilar test requires this additional factual allegation whenever the police rely on information supplied by "an informant, known to the police, but not identified to the magistrate” (United States v Harris, 403 US 573, 575, supra). This is an unusual requirement (see Note, 83 Harv L Rev 177, 178) but the reason for the rule is obvious. If the source of the information is not before the court, the court must rely on the police applicant to supply sufficient facts about the informant so that the court can determine whether his information should be credited.
This can be accomplished in various ways. For instance the police officer might be able to state that the informant has furnished reliable information in the past (Aguilar v Texas, 378 US 108, 114, n 5, supra), that he is a fellow law enforcement officer (United States v Ventresca, 380 US 102, 111), that the informant’s statement was under oath, as before a Grand Jury (People v Wheatman, 29 NY2d 337, 345; compare United States v Harris, supra, at p 575), or was obviously against penal interest (People v Wheatman, supra; see, also, United States v Harris, supra). And, of course, the police may objectively check the informer’s tale (Spinelli v United States, 393 US 411, supra; see, also, People v Hanlon, 36 NY2d 549, supra).
In this case, none of these methods were relied on to demonstrate the informant’s credibility, and in fact, in his statement the officer did not advise the Judge why he believed the informer was reliable. However, as indicated, this requirement is simply a substitute approach to be used in those cases where the "informant is known to the police but not identified to the magistrate.” It should be obvious that there is no need for the officer to speak for the informant, when the informant can speak for himself. Under these circumstances the court can determine credibility in the usual fashion without resort to substitutes.
The defendant argues that the court’s examination of the informant may not be considered because it was not under oath or recorded. It is true that the informant’s statements were not recorded, but it is clear enough what was said. The *188 court noted on the record that the informant’s information "tallies” with that supplied by the police officer. Reading this "in a commonsense, manner” as we are bound to do (United States v Ventresca, 380 US 102, 109, supra) it is evident that the informant’s statement was essentially the same as the police officer’s.
And although the informant was apparently not examined under oath, we believe that there were "adequate safeguards against the rendition of false information” (People v Hicks, 38 NY2d 90, 94, supra) since the informant could be prosecuted for falsely reporting an incident, if he lied (Penal Law, § 240.50). This does not mean that the warrant could issue solely on the basis of the informant’s unsworn testimony because, as indicated, the finding of probable cause must be "supported by Oath or affirmation” (US Const, 4th Arndt). But when the informer’s credibility alone is in issue, the court rarely resolves the question on the basis of sworn testimony from the informer. If the court can determine whether the informer is truthful on the basis of an unsworn statement against penal interest made to a police officer and relayed to the court, the Judge should certainly be able to assess his credibility when the informer has personally appeared before the court and been examined under circumstances where his statement, if false, would subject him to possible criminal sanctions.
Finally we note that the procedure which was followed here is not ideal. However the record shows a conscientious effort to comply with constitutional and statutory requirements applicable to search warrants. The circumstances are novel, perhaps unique, and thus there are no clear violations of settled principles. But even if the resolution of the case were "doubtful or marginal” we would determine it as we have in the past by relying on "the preference to be accorded to warrants” (United States v Ventresca, supra, at p 109; see, also, People v Wheatman, 29 NY2d 337, supra; People v Hanlon, 36 NY2d 549, 558, supra).
The order of the Appellate Division, should be affirmed.