■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WEST, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 25, 1976, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree. On September 17, 1975, a confidential informant advised Detective Sutton of the Albany Police Department that the defendant, a known former dealer in narcotics, was trafficking in heroin and that he was making frequent, if not daily, trips to New York City for the purpose of purchasing drugs to sell. On the following day, a brief surveillance of the defendant's residence disclosed nothing more significant than the defendant speaking to an unknown person in front of the residence at 192 Clinton Avenue in Albany. On September 19, 1975, Detective Sutton and Police Officer Fargione went to the Rensselaer train station which serves a good portion of the Capital District and at about 9:20 P.M. observed the defendant and Marthia Dixon alight from a train which had arrived from New York City. Officer Fargione was able to discover that the couple were taking taxicab 45 to the area of Lark Street and Clinton Avenue in the City of Albany. A uniformed police unit was advised and asked to assist and Detective Sutton and Officer Fargione followed the cab until by their direction it was stopped by the uniformed police unit at the intersection of Clinton and Chapel. Detective Sutton swiftly approached the cab and observed a small brown paper bag and money in the defendant's hands. The defendant put the bag and money down between his legs but Detective Sutton reached into the cab and retrieved the bag which he found to contain three glassine envelopes filled

with a white powder. The defendant was placed under arrest and later indicted for criminal possession of a controlled substance in violation of subdivision 1 of section 220.09 of the Penal Law. He subsequently was convicted after a trial and was sentenced to an indeterminate term, the maximum of which was 15 and the minimum 7½ years. On appeal the defendant contends that there was insufficient probable cause to justify the warrantless search and seizure and that the court erred in refusing to order disclosure of the informant's identity since this failure violated defendant's right to due process, including the right to have evidence that was essential for a fair trial. In resolving whether or not the warrantless search was valid, two questions are presented. Was there probable cause to search the car and were there exigent circumstances which eliminated the necessity of a search warrant? Addressing ourselves to the question on probable cause, it is well established that hearsay information from a confidential informant may provide probable cause to search, if the informant is in fact reliable and if the underlying circumstances as to how the informant came by his information demonstrate sufficient probability to allow the search in question (see *Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Wirchansky,* 41 NY2d 130; *People v Brown,* 40 NY2d 183). The reliability of the informant was established by a showing that the informant had previously furnished information which led to the arrest and conviction of another *(People v Brown, supra).* The second requirement, the "basis of knowledge test" as it is oft-times called, was, in our view, also satisfied here. We reach that conclusion because the information provided was given in detail so that it could not be considered mere rumor *(Spinelli v United States, supra)* and because it was clear that the informant was speaking from firsthand knowledge. Also, there was police verification of the reliability of some of the information furnished *(People v Hendricks,* 25 NY2d 129). Accordingly, probable cause was established and we need not consider the observations of Detective Sutton as he approached the taxicab and do not use them to affirm the existence of probable cause. Having established probable cause, the next question is whether exigent circumstances justified the failure to obtain a search warrant. It must be remembered that the police had not been informed of the defendant's merchandising practices, that a quantity of narcotics of substantial monetary value may be carried in small and readily disposable containers, that time was of the essence and haste to search was required to preclude destruction or disposal of the contraband. Such being the case, we conclude the warrantless search and seizure was reasonable *(People v Singleteary,* 35 NY2d 528), because the requisite exigent circumstances were here present along with probable cause, thus permitting the judgment of the police to serve as "sufficient authorization for a search" *(Chambers v Maroney,* 399 US 42; *People v Chestnut,* 43 AD2d 260, affd 36 NY2d 971; *People v La Belle,* 37 AD2d 135). Defendant next claims that the court erred in its refusal to reveal the identity of the informant to the defense. Such a disclosure at suppression hearings is a matter left to the sound but reviewable discretion of the hearing court *(People v Huggins,* 36 NY2d 827). At an *in camera* hearing held pursuant to the method enunciated in *People v Darden* (34 NY2d 177, mot for rearg den 34 NY2d 995), several witnesses by their testimony emphatically established that the informant was not imaginary but real and that the information communicated to the police was not a fabrication. Also clearly shown was that the informant's life would be endangered by identification. Under these circumstances, the inability of the People to locate and produce the informant should not, at this stage, dictate a finding favorable

to the defendant because the *in camera* proceedings protected his rights and identity and probable cause were established (cf. *People v Little,* 49 AD2d 775). The final question presented is whether the defendant's due process rights were denied by the trial court's refusal to disclose the identity of the informant at the time of trial. Although the *Darden* rule for suppression hearings is inapplicable when the identity of the informant is relevant to the determination of defendant's guilt or innocence, the issue of disclosure at trial is also discretionary with the Trial Judge *(People v Goggins,* 34 NY2d 163, cert den 419 US 1012). As the court in *People v Goggins (supra)* further made clear, the crucial factor in making this determination as to disclosure is the relevance of the informant's testimony to the guilt or innocence of the accused who "must show a basis in fact to establish that his demand does not have an improper motive and is not merely an angling in desperation for possible weaknesses in the prosecution's investigation" *(People v Goggins, supra,* p 169). This the defendant has failed to do in this instance, and the refusal to disclose the informant's identity was therefore proper. Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.