■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BOWMAN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 9, 1975, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the sixth degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment with a maximum of four years and a minimum of two years. At approximately 11:00 P.M. on July 29, 1975, the Albany Police Department received a call from a confidential informant to the effect that defendant and his girlfriend, one Gloria Dorsey, would be returning to Albany from New York City that same evening with a quantity of "dope" in their possession. As a result, the police placed the local bus terminals under surveillance, and shortly after midnight on July 30, 1975 defendant and Miss Dorsey were observed disembarking from a Greyhound bus arriving from New York City. Upon approaching the couple, the police officers asked them for identification and conducted a search of a bag of potato chips carried by Miss Dorsey. Discovered therein was a package of tissues in which were concealed a quantity of heroin and a hypodermic needle, and defendant and Miss Dorsey were immediately placed under arrest. Subsequently, defendant signed a written statement that the heroin was his, and he was indicted for criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09, subd 1) and criminally possessing a hypodermic instrument (Penal Law, § 220.45). A suppression hearing was thereafter conducted which resulted in a determination that there was probable cause for the warrantless search of the bag of potato chips and that defendant's inculpatory statement was voluntarily given.

Defendant was then permitted to plead guilty to criminal possession of a controlled substance in the sixth degree (Penal Law, § 220.06) in full satisfaction of the indictment, and he was sentenced as noted above. On this appeal, defendant initially argues that the trial court erred in not conducting an *in camera* inquiry when the issue of the confidential informant's identity was presented (see *People v Darden,* 34 NY2d 177). We disagree. Not only did defendant fail to request a *Darden* hearing until almost three weeks after the suppression hearing was conducted and just two days prior to the court's decision thereon, but also the search and arrest herein were not based solely upon information received by the informant (cf. *People v Little,* 48 AD2d 720). For approximately a week prior to July 30, 1975, the premises at 120 Second Street in the City of Albany had been under surveillance by the Albany police because of suspected drug trafficking therein, and defendant and known drug users were observed frequenting that location. Under these circumstances, a *Darden* hearing was not required. Similarly, we find that there was probable cause for the warrantless search and that the motion to suppress the evidence seized was properly denied. The reliability of the informant was established because he had previously furnished information which led to arrests and convictions *(People v Brown,* 40 NY2d 183), and his information was obviously firsthand *(People v West,* 56 AD2d 955) and supported by independent police observations at the 120 Second Street location *(People v Cerrato,* 24 NY2d 1). Moreover, since the informant's call was received at 11:00 P.M. and defendant was to arrive in Albany that same evening, time was of the essence in the investigation and exigent circumstances plainly excused the failure of the police to obtain a search warrant *(People v Singleteary,* 35 NY2d 528; *People v West, supra).* As for the defendant's later inculpatory statement that the seized heroin was his and not that of his female companion, the court properly refused to suppress this evidence because the record establishes that the statement was voluntarily given after the defendant was advised of his rights and that no undue pressure was applied or promises made by the police in order to obtain the statement *(People v Jackson,* 41 NY2d 146). Judgment affirmed. Koreman, P. J., Greenblott, Mahoney, Main and Larkin, JJ., concur.