OPINION OF THE COURT
Memorandum.
At issue is the denial of a motion to suppress evidence on Fourth Amendment grounds. Following this denial, and after the People had presented a portion of their case at trial, defendant pleaded guilty to manslaughter in the first degree. Defendant thereafter appealed from the judgment of conviction for this crime, and the Appellate Division affirmed. We reverse.
At the outset, we note that an examination of the record belies the People’s argument that defendant waived the issue of the sufficiency of the affidavit as a basis for the issuance of the warrant. Considering this issue, it is unnecessary to detail fully the inadequacy of the affidavit which only obliquely suggests that evidence of the crime may be found at defendant’s premises and sets forth what little may be considered probative in the most conclusional terms. We thus determine that a showing of probable cause to search was not made out on the face of this affidavit. We further hold that this defect may not be overcome by the unsworn, unwritten and unrecorded details of the investigation related by a police detective *731 to the Town Justice who issued the warrant (see CPL 690.40, subd 1; cf. People v Brown, 40 NY2d 183). For whatever reason, the Town Justice accepted this information without an oath and without making a record and facts were omitted which may have made sufficient the affidavit prepared at his direction. Thus, there is no adequate record of these facts. Accordingly, the warrant was improperly issued and the search may not be upheld on this ground.
We also reject the argument that the search may be sustained as incident to an arrest. While probable cause to arrest may exist independent of a search warrant (see People v Green, 33 NY2d 496), under these circumstances a warrant-less arrest was neither necessary nor permissible. At least in this case, the inadmissible evidence resulting from an invalid search warrant may not be resurrected by a belated claim that there was in any event probable cause to arrest without a warrant and, hence, that the search was incident to the arrest. Moreover, this arrest would not justify the making of a full-blown warrantless search of defendant’s home (see People v Perel, 34 NY2d 462, 468).
Accordingly, the order of the Appellate Division should be reversed, the judgment vacated, the motion to suppress granted, and the case remitted to Supreme Court, Bronx County, for further proceedings on the indictment.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.