■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED POOLE, Appellant.—Judgment unanimously affirmed (see *People v Perel,* 34 NY2d 462, 467-468). (Appeal from judgment of Niagara County Court—robbery, second degree, and another charge.) Present—Cardamone, J. P., Simons, Hancock, Jr., Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS LEE VICK, Appellant.—Judgment insofar as it imposes sentence unanimously modified, as a matter of discretion in the interest of justice, to eliminate the minimum sentence and reduce the maximum to four years and otherwise judgment affirmed, without prejudice to defendant's moving pursuant to CPL 440.10 (subd 1, par [e]) to vacate the judgment. (Appeal from judgment of Ontario County Court— burglary, second degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BAGGOS, SR., Appellant.—Judgment unanimously affirmed. (See *People v Esteves,* 41 NY2d 826.) (Appeal from judgment of Niagara County Court—robbery, first degree, and grand larceny, third degree.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ VINCENT J. FASANO, Appellant, v DOMINIC J. COLLOCA et al., Respondents.—Order unanimously affirmed, without costs, for the reasons stated in the opinion at Special Term, Tenney, J. (Appeal from order of Onondaga Supreme Court—discovery, etc.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

## (January 24, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE REAVES, Also Known as PERNELL WILLIAMS, Appellant.—Judgment unanimously reversed, on the law, motion to suppress granted, and indictment dismissed. Memorandum: In seeking the issuance of a search warrant based upon information supplied by an informant it was necessary that the issuing court be informed of the underlying circumstances from which the informant concluded that there were illegal drugs where he claimed they were and *also* of the circumstances from which the officer concluded that the informant was reliable *(United States v Harris,* 403 US 573; *Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Brown,* 40 NY2d 183). The application for the search warrant was plainly insufficient without such and the motion to suppress should have been granted. (Appeal from judgment of Onondaga Supreme Court—criminal possession controlled substance, sixth degree.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.