■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARI C. LEWIS, Appellant.—Judgment unanimously reversed, on the law, motion to suppress granted, and indictment dismissed. Memorandum: Defendant con-

tends that the search warrant in this case was invalid because (1) the application therefor failed to satisfy the requirement that there be probable cause for its issuance, there being no corroboration of the alleged informant's hearsay statements and (2) the issuing court failed to make any record or summary of the testimony said to have been given by the informant to the Magistrate in support of the application, and so the statement that the informant did give such testimony is valueless to establish probable cause. The application for the search warrant was made by Officer Stambach. His affidavit includes hearsay statements by the alleged informant, describing the location and female person, allegedly the defendant, to be searched and stating that on two recent dates informant had obtained 200 doses of LSD from her and that he saw additional bottles of such drug in her possession. The officer further affirmed that informant gave sworn testimony before the issuing Magistrate. Upon the motion to suppress the drugs seized in execution of the warrant, the People acknowledged that there is no record of the testimony given by the informant before the issuing Magistrate, nor is there any summary thereof, and that this was the first occasion that this unnamed informant had given information to the police. Although a sworn application may be based upon hearsay, to support the issuance of a warrant to search for drugs, based upon information from an informant, the court must be informed (1) of the circumstances establishing that the drugs are where the informant states them to be and (2) of underlying circumstances to show that the informant is credible *(Aguilar v Texas,* 378 US 108, 114; *People v Brown,* 40 NY2d 183, 186). Because of the strong preference by the courts that search warrants be obtained, every legitimate effort is made to sustain the validity of the applications therefor *(People v Hanlon,* 36 NY2d 549, 558-559). Officer Stambach's affidavit recites that the informant actually received drugs from defendant at a designated place and saw other drugs there, and so the first part of the test is satisfied. The deficiency in this case is lack of proof of the informant's credibility. The suppression court found that the fact that the informant admitted to a police officer that he purchased and possessed the drugs was against his penal interest and thus established his credibility (see *People v Hicks,* 38 NY2d 90, 94; *People v Wheatman,* 29 NY2d 337, 345). The difficulty with that conclusion in this case is that such exception to the hearsay rule is not applicable where the circumstances underlying the informant's statement are not shown to establish that, indeed, his statement was against his penal interest *(People v Maerling,* 46 NY2d 289, 297-301; *People v Settles,* 46 NY2d 154, 167-170). Thus, for example, if the informant were an agent of the police when he obtained the drugs from defendant, his reporting thereof to the police would not have been against his penal interest. In the absence of a showing of the informant's reliability, from evidence of prior reports from him found to be reliable or from notes by the issuing Magistrate demonstrating reliability (see *People v Lalli,* 43 NY2d 729, 730-731), the mere fact that the informant's statement to the police might have been against his penal interest is not enough to establish probable cause for issuance of the warrant. We find no merit in defendant's contentions that the warrant and its execution were otherwise defective. (Appeal from judgment of Erie County Court—criminal possession controlled substance, seventh degree.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.