■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DZAUDET FICI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 6, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The informant, a tenant in a building managed by defendant, informed police that defendant had threatened her with a gun and that she had seen a gun and telephone eavesdropping equipment in defendant's office. Detective Joseph Smith submitted a warrant application and affidavit to Criminal Court (Grajales, J.). Criminal Court had the informant produced in order to question her and assess the basis for her reliability. After conducting a conference with the informant, the court issued the search warrant.

Defendant challenges the validity of the warrant because the conference with the informant was not taken under oath. While an oath should be taken in such a circumstance, its absence here did not vitiate the validity of the warrant. The detective's sworn affidavit by itself contained sufficient information to establish probable cause. Hence the warrant was supported by an "[o]ath or affirmation" as required by US Constitution 4th Amendment (see, People v Brown, 40 NY2d 183, 188). The additional conference served only to establish that the informant was reliable. The circumstances of that conference, which was recorded and transcribed, were sufficient to establish the informant's veracity. Aside from the oath's constitutional role in establishing probable cause, which was met here, an oath is but one of several methods of assuring the court of the trustworthiness of the information (People v Brown, supra; People v Hicks, 38 NY2d 90, 94). It is clear from the record that the informant knew she was making charges in a criminal court and that she not only had

no motive to make false accusations, but had every motive to remain silent out of fear *(see, People v Cantre,* 95 AD2d 522). The circumstances of that conference were more than sufficient to allow Criminal Term to conclude that she was telling the truth and that her information was otherwise reliable.

We have considered defendant's other contentions and have found them to be without merit. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.