OPINION OF THE COURT
Kaye, J.
At the core of this appeal, in a prosecution for criminal possession of a controlled substance and related offenses, is the meaning of "substantial compliance” with the requirements of a statute — here, a statute specifically mandating that testimony taken in support of a search warrant application "be either recorded or summarized on the record by the court.” (CPL 690.40 [1].)
During the evening of January 16, 1987, the local police department called Webster Town Justice Jack Van Ingen to the station to conduct a hearing on an application for a warrant to search defendants’ residence. Because his own courtroom was undergoing repairs, Justice Van Ingen was unable to use the tape recorder there to record the statements. Instead, as he later described, he made a "few” handwritten notes for his "own edification” (in his words), while Police Officer Scott Parsons questioned both witnesses. Those notes were the only effort the Magistrate made to keep a record of the testimony. Several months later at the request of the District Attorney’s office, Parsons prepared a reconstructed version of his questions and the informants’ answers.
The warrant application recited that it was based on sworn testimony before Justice Van Ingen by confidential informants who within the previous 24 hours had purchased LSD at *687 defendants’ home. Police Officer Kenneth Rath, who made the application, claimed no personal knowledge of the facts on which it was based; his supporting deposition stated simply that he had interviewed two confidential informants, who said they had gone to defendants’ residence, that one waited outside while the second went in and asked for two "hits” of LSD which were furnished, and that the informant had purchased LSD there several times previously. Apparently, neither informant would sign a sworn statement, and neither had previously supplied information to the police department.
When the warrant was executed a few hours after its issuance, the police found small quantities of LSD and marihuana and a prescription bottle containing a codeine preparation, and the present indictments followed.
Upon defendants’ motion challenging the warrant, on June 9, 1987 — less than six months from the date of the warrant — a suppression hearing was held at which both Justice Van Ingen and Police Officer Parsons testified. Justice Van Ingen could not find his notes. Although he testified that he had placed his notes in the "Taylor file,” he also stated that he was not certain whether his own clerks had misplaced the file or the file had been given to the prosecutor. In any event, whatever the "Taylor file” might be, it is plain that it was not kept as an official court record, with the safeguards attendant upon preserving such records for purposes of legitimate challenge to the warrant or appellate review.
Initially, the Town Justice testified that he remembered nothing at all about the informants’ testimony save that he had put them under oath and taken background information from them; he could not recall whether he had seen the supporting7 deposition before signing the search warrant. His memory was refreshed by dint of repeatedly being shown Parsons’ reconstructed questions and answers. Eventually he recalled that both informants had mentioned going to defendants’ house in order to purchase LSD, and that one informant stated that he had bought LSD. However, Justice Van Ingen was unable to recall any other questions or answers. Parsons, by contrast, testified in some detail about the responses that each informant had given to his questions.
County Court concluded that the warrant was defective, and suppressed its fruits, because viewed as a written application there was no information to satisfy the Aguilar-Spinelli requirement of reliability of the informants (Aguilar v Texas, *688 378 US 108; Spinelli v United States, 393 US 410), and viewed as an oral application there was no compliance with CPL 690.36. The Appellate Division reversed, holding that this was a written application supported by oral testimony and not an oral application; that Aguilar-Spinelli was inapplicable to a warrant application not based on hearsay; and that the Magistrate’s reliance on the oral sworn testimony of the two informants sufficiently established probable cause. Concluding that the requirements of CPL 690.40 were not satisfied, we now reverse.
 Preliminarily, we note that the Appellate Division correctly held that the application in this case was a written and not an oral search warrant application. Even though supported by oral testimony, the application was a formal document, sworn and subscribed by a police officer, with a supporting deposition (CPL 690.35 [2] [c]). An oral application, by contrast, is one "communicated to a judge by telephone, radio or other means of electronic communication.” (CPL 690.36 [1].) Further, we agree with the Appellate Division that the two-pronged Aguilar-Spinelli test (see, People v Griminger, 71 NY2d 635) is inapplicable. When a warrant application is based not on the personal knowledge of the police officer making the application but on information relayed to that officer by another person, the officer is in effect vouching for the reliability of an informant known to the police but not known to the Magistrate. But that standard is inapplicable where, as here, the witnesses appear and testify before the Magistrate, who is then himself in a position to assess their veracity in determining the existence of probable cause (see, People v Bartolomeo, 53 NY2d 225, 233-234).
The suppression motion should be granted, however, because the statutory standards for the warrant were not satisfied, and the purposes for which they exist were undermined. CPL 690.40 provides that in determining a search warrant application, "the court may examine, under oath, any person whom it believes may possess pertinent information.” It then goes on to require that "[a]ny such examination must be either recorded or summarized on the record by the court.” The procedure followed in this case did not comply with the statutory mandate of recordation.
As we have previously recognized, substantial — rather than literal — compliance may satisfy the written application requirements (People v Brown, 40 NY2d 183, 186-188; People v *689 Sullivan, 56 NY2d 378; cf., People v Lalli, 43 NY2d 729). Plainly, however, conduct cannot be considered as in "substantial compliance” with statutory standards when the legislative purposes in adopting the statute have not been met.
Two legislative purposes have been identified as underlying the requirement of CPL 690.40 (1) that the court itself record or summarize the witness’ statement on the record: first, assurance of the regularity of the application process (People v Crandall, 108 AD2d 413, 417-418, affd 69 NY2d 459) and second, preservation for appellate review of the grounds upon which a search warrant is issued (People v Peterson, 47 AD2d 431, 434). Neither objective was met here.
The lack of assurance of the regularity of the application process is manifest when this case is compared with People v Brown (40 NY2d 183, supra), which articulated the principle of substantial compliance for warrant applications. Unlike Brown, here it cannot be said that "the record shows a conscientious effort to comply with constitutional and statutory requirements”. (Id., at 188.) Although in Brown the informant’s statement had not been recorded, the court noted on the record at the time the warrant was issued that he had heard the informant and that his testimony was essentially the same as the recorded statement made by the police officer. There is no comparable record by the court here. The Magistrate’s "few” notes* taken for his "own edification” cannot be equated with an effort, let alone a conscientious effort, to create a contemporaneous record of the testimony given by the informants as required by statute. Moreover, no effort was made to file those notes with the court or preserve them in any other way for purposes of legitimate challenge to the warrant.
In Brown, the warrant was issued only a year after CPL 690.40 took effect. We indicated that, although the procedure followed was "not ideal,” the circumstances were "novel, perhaps unique, and thus there are no clear violations of settled principles.” (Id., at 188.) Now more than a decade has elapsed, and a procedure that evidences even less of an effort *690 to comply with the statutory mandate can be considered neither conscientious nor substantial compliance. For this case, such a procedure provides no assurance of the regularity of the process that resulted in issuance of the warrant, and for future cases it unacceptably dilutes the statutory standard.
Nor can it be said that the grounds upon which the Magistrate issued the warrant have been preserved for appellate review. By the time of the suppression hearing, there was no contemporaneous record of the informants’ oral testimony, not even a summary of its contents. Moreover, the issuing Magistrate had no recollection of what they had imparted in support of the warrant application; the few details he was eventually able to summon up were prompted by his repeated reference to a version of the testimony reconstructed by a police officer whose warrant application was at stake, after the search had proved fruitful. We do not believe that the warrant requirement functions, as it should, to facilitate review of probable cause and avoid justification for a search, by evidence uncovered in the course of the search when the warrant is sustained "solely upon the after-the-fact representations of the police as to what they told the magistrate” (2 LaFave, Search and Seizure § 4.3 [b], at 174 [2d ed]). That, in effect, was what transpired here.
We do not mean to suggest that an effort to comply substantially with the mandate of the statute, coupled with a genuinely inadvertent loss of recorded testimony, might not call for a different result, provided that there was some reliable basis for reconstructing the informants’ testimony. It is the absence of any of these factors that leads us to reverse in this case.
This failure of substantial compliance with the requirements of law requires that the evidence discovered during the search purportedly authorized by the defective warrant be suppressed, notwithstanding that the recordation requirement is set forth in a statute rather than in the State or Federal Constitution. The purpose of the recordation requirement of CPL 690.40 (1) is to provide the very basis for an appellate determination of probable cause for issuance of a search warrant. Thus, substantial failure to comply with this statute is wholly unlike other statutory violations (see, e.g., People v Sampson, 73 NY2d 908; People v Harris, 48 NY2d 208, 216). While not itself a constitutional requirement, compliance is indispensable to the determination whether the constitutional requirements for a valid search and seizure have been met. *691 Where, because of failure to comply with CPL 690.40 (1), a reviewing court cannot make a fair and accurate assessment of defendant’s constitutional claims, defendant is entitled to the remedy of suppression.
The Town Justice here had no independent recollection of substance concerning the basis upon which he issued the warrant, save that he went through the usual preliminary steps. Although we recognize, along with the dissent, that unusual situations inevitably arise in which literal compliance with statutory requirements is not possible, in our view that must be balanced against the defendant’s entitlement to a basis upon which a reviewing court can determine what factors went into the initial determination of probable cause to conduct a search. If it were true, as the dissent implies, that a reviewable basis could be pieced together solely from police documents submitted in partial support of the application, then the Legislature’s recordation requirement becomes a nullity.
Accordingly, as to each defendant the order of the Appellate Division should be reversed and County Court’s order granting the suppression motion reinstated.
Simons, J. (dissenting). In my view the record demonstrates that the court complied with the provisions of CPL 690.40 (l)[1] and that the warrant it issued was supported by probable cause. That being so, I find no reason to suppress the evidence because the Magistrate’s file and its contents, including his notes on the informants’ testimony, was accidentally lost. Accordingly, I would affirm the orders of the Appellate Division.
Defendants, husband and wife, their son Paul Taylor, Jr., and another were charged in a nine-count indictment with multiple offenses of selling and possessing controlled substances, viz., LSD, codeine and marihuana, conspiracy to sell drugs, and four counts of endangering the welfare of female children, ages 15, 13, 8 and 6. The endangering counts charged defendants with supplying alcohol and drugs to one of the children and with possessing and using drugs and engaging in drug trafficking in the presence of all of them. The *692 offenses occurred in the Taylor residence and accordingly the police, when they acquired knowledge of defendants’ criminal conduct, sought a warrant to search the premises. The application was made to Webster Town Justice Jack Van Ingen, a Magistrate with 31 years experience. The majority claims that he failed to comply with the procedural requirements of CPL 690.40 (1) when issuing the warrant and that there is no evidence to establish probable cause existed for the warrant.
The warrant was issued on the basis of an application executed by Police Officer Rath supported by the sworn testimony of two informants appearing before the Judge. Concededly, Justice Van Ingen did not make a transcript or a tape recording of the informants’ testimony. He testified at the reconstruction hearing that he normally records the testimony of witnesses at hearings on search warrant applications in two different ways. If the application is made in his chambers or in the courtroom, he records the testimony on a built-in tape recorder. If he hears the application in some other place, he writes the testimony of the witnesses on paper. Because the Webster Town Court was "torn up” and undergoing renovations at the time of this application, Justice Van Ingen conducted the hearing in the police department and recorded the witnesses’ testimony manually on a yellow pad. The Judge placed the informants under oath and then advised them, in "several different ways”, that they were not obliged to testify, they could stop anytime they wished, that they were entitled to have an attorney present and to have their mothers and fathers present. Both responded that they did not wish attorneys or their parents called. Each witness testified for approximately 5 to 8 minutes, answering prepared questions asked by Officer Parsons. The Judge testified that during their testimony he "constantly” took handwritten notes of their answers on a yellow pad. This, he said, was consistent with his customary practice of taking "verbatim” notes when he did not have a tape recorder. These notes were put in the Taylor’s court file at the conclusion of the testimony.[2]
In my view, this procedure complies with the requirements of CPL 690.40 (1). Indeed, the Judge went beyond the provisions of the statute which require only a summary of the *693 testimony. Notwithstanding the majority’s speculation that the notes were inadequate, it appears from a fair reading of the Judge’s testimony at the reconstruction hearing that he compiled a thorough record of the questions and answers and retained them with his court files.[3] Moreover, there can be little doubt about the regularity of the application process. The witnesses appeared in person before the Magistrate, and after being fully advised of their rights, answered under oath prepared questions propounded to them in support of the sworn application.
Unfortunately, the Judge’s notes were lost but probable cause for the warrant is found in the warrant documents and the record of the reconstruction hearing and they establish that the court had a constitutional basis for its action.
First, the warrant application, which was submitted to the Town Justice and executed before him following the examination of the informants, confirms the substance of the informants’ testimony. It sets forth the grounds for the warrant and states that the information supporting it is based upon testimony given that night by the informants before the Judge. Then it states that two informants testified before the Town Justice and "swore under oath” that they had purchased controlled substances at defendants’ residence during the prior 24-hour period. This is objective evidence verifying the informants’ testimony. It is inconceivable that the Judge could have taken the officer’s oath on this application and issued a warrant only minutes after the hearing at which he presided when the application contained inaccurate representations of what occurred. Thus, the application does not represent "after-the-fact representations of the police as to what they told the magistrate”, but rather constitutes a contemporaneous record evidencing the actual sworn testimony upon which the Magistrate determined that probable cause existed. *694 This summary in the application is preserved for our review and, therefore, satisfies the legislative purpose of CPL 690.40 (1) by providing a basis for an appellate court to determine whether the search warrant was properly issued (see, People v Peterson, 47 AD2d 431, 434).
In addition, the reconstruction hearing provides a supplement to the warrant application and confirms that the proper procedures were followed. Although the Judge could not recall all the questions and answers, he had no doubt that there was such a hearing, that two witnesses appeared before him testifying fully and at length, and that they testified under oath that they had purchased drugs within the last 24 hours at the defendants’ residence on Ridge Road. Moreover, the Judge’s recollection was corroborated by the testimony of Officer Parsons who also testified at the reconstruction hearing about the details of the warrant hearing.
Thus, there is no question that the hearing was held and that informants appeared and testified before the Magistrate. Based upon their testimony, the Town Justice properly found probable cause existed for the issuance of the warrant. The live sworn testimony of the two informants that they had purchased controlled substances at defendants’ dwelling within the prior 24-hour period "and had in the past, purchased the same controlled substance at the same dwelling, consummed [sic] the controlled substance, and experienced a reaction consistent with their prior experiences of consumming [sic] the controlled substance” was sufficient to establish probable cause.[4] Given these circumstances, the prosecution of defendants should not be frustrated merely because the Magistrate, after having complied with CPL 690.40 (1), inadvertently lost the notes required by its provisions.
The majority rely on People v Brown (40 NY2d 183) and contend that the present facts do not meet the standards of substantial compliance outlined in that case. In Brown the court upheld a warrant issued without a formal written application. The Magistrate there spoke to the police informant off the record, stating afterwards, " T have heard the informer and after * * * hearing the officer the information *695 tallies and I consider that he’s reliable’ ” (id., at 185). Although there was no written warrant application, the court found substantial compliance with CPL 690.35 (1) (not the section under consideration here) which then required that "[a]n application for a search warrant must be in writing and must be made, subscribed and sworn to by a public servant.” Although the testimony of the informant in Brown was not under oath or recorded, we found that it was reliable because his information "tallie[d]” with that supplied by the police officer. We, therefore, concluded that although the procedure followed was not "ideal * * * the record shows a conscientious effort to comply with constitutional and statutory requirements applicable to search warrants” (id., at 188).
The procedures followed by the police and the Magistrate here represent a far more conscientious effort to comply with the statutory requirements for securing a warrant than those outlined in Brown. Indeed, the statutory procedures were satisfied. A formal written application was sworn to by the police officer before the Town Justice and, unlike Brown, and contrary to the majority’s assertion, the fact-finding hearing established that the two informants were sworn on the record and their testimony was recorded by the Town Justice in the manner the statute requires. The sworn warrant application setting forth details of this testimony constitutes objective evidence supporting the lower court’s determination of probable cause and provides a complete and reliable basis for review. It stands in marked contrast to the record before this court in Brown which consisted only of the Judge’s conclusory statement that the informant’s story "tallied” with the police officer’s. Here, the court has before it the actual facts testified to by the informants which provided the basis for probable cause.
Finally, the majority’s decision is regrettable in light of our prior precedents establishing a strong preference for search warrants (see, People v Hanlon, 36 NY2d 549, 558-559; United States v Ventresca, 380 US 102, 108-109). The police and the Magistrate in this case were not unaware of the statutory and constitutional requirements for warrants and they neither ignored nor sought to evade them. Quite the contrary. They endeavored to satisfy these requirements as best they could, and succeeded in doing so. Suppression of the evidence on these facts, when the actions of the police and the Magistrate satisfy the statutory requirements and are capable of review, *696 unnecessarily frustrates the prosecution of these defendants simply because the records were accidentally lost.
Accordingly, the orders should be affirmed.
Chief Judge Wachtler and Judges Titone and Bellacosa concur with Judge Kaye; Judge Simons dissents and votes to affirm in a separate opinion in which Judges Alexander and Hancock, Jr., concur.
In each case: Order reversed and order of Monroe County Court reinstated.

 While the dissent urges that a portion of the Town Justice’s hearing testimony may be read to imply that he customarily took "verbatim” notes when he lacked recording equipment, the bulk of the testimony actually is to the effect that at least in this case, he took only a "few” notes, and there is no contrary finding. Certainly, the People — despite the fact that it was their burden to do so — did not elicit any testimony that would demonstrate otherwise.

. "§ 690.40 — Search warrants; determination of application.
"1. In determining an application for a search warrant the court may examine, under oath, any person whom it believes may possess pertinent information. Any such examination must be either recorded or summarized on the record by the court.”

. The Judge testified that he believed the Taylor file was forwarded to the District Attorney’s office, pursuant to standard operating procedure for official warrant documents. Apparently this was done for precisely the reason that the majority rejects — to preserve the record for purposes of legitimate challenge to the warrant on appellate review.

. The majority’s reference to a "few notes” is based upon the following isolated statement made in response to a prosecutor’s preliminary questioning:
"Q. Now, sir, were there any notes or recordings made of this? '
"A. As far as I know, there were no recordings made, and I don’t recall anyone making any notes other than the few I took myself.”
Moreover, despite the adverse inference drawn by the majority that the notes were for the Judge’s "own edification”, clearly the notes constituted the Judge’s attempt to preserve a record for review of the application and were placed in the official file forwarded to the District Attorney’s office for that purpose.

. Ironically, the warrant application alone even satisfies the AguilarSpinelli rule. The reliability of the informants’ evidence is established because each gave information under oath to Officer Rath upon which his warrant application was premised and the information was reliable because it was based upon personal knowledge and corroborated by the testimony of the other informant (cf., People v Wheatman, 29 NY2d 337).