■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BLAIR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 25, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bianchi, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the plea is vacated, and the matter is remitted to Supreme Court, Queens County, for further proceedings on the indictment.

On April 4, 1987, the police obtained search warrant No. 74 for certain rooms in a building located at 213-08 Hollis Avenue in Queens. The affidavit presented to the Judge in support of the application for the warrant stated that an informant, based on personal knowledge, had told the police that large quantities of cocaine and automatic rifles were present in two rooms of the building in question. Upon execution of the warrant, the police found nothing in these rooms, but in another room saw, in plain view from the hallway, rifles and two safes. While conducting a security search of the latter room to determine if any persons were present, the police also observed certain drug paraphernalia. They immediately sealed off the room and obtained a second search warrant, No. 90, for that room. In the search pursuant to the second warrant, large quantities of controlled substances were found.

On June 17, 1987, the defendant served his omnibus motion requesting, *inter alia,* that the evidence found at the Hollis Avenue premises be suppressed because it was found after the police searched an area not delineated in the original search warrant, No. 74. In an attorney's affirmation in support of his motion to suppress the evidence retrieved pursuant to both warrants, the defendant disputed the police officers' assertion that the narcotics evidence upon which the second search warrant was based was in plain view when they executed the first warrant, requiring a suppression hearing. The court

summarily denied the defendant's motion to suppress the evidence and to hold a *Mapp* hearing on the ground that his arrest and the search were without probable cause, but granted the defendant a hearing to controvert the validity of the two search warrants.

Contrary to the defendant's contentions, we find that the court's denial of his request for a *Mapp* hearing was proper because the issues sought to be determined in the *Mapp* hearing were identical to those raised in the hearing to controvert the second warrant. We also find that the court did not err in failing to set forth findings of fact and conclusions of law in denying the defendant's motion to hold a *Mapp* hearing. CPL 710.60 (4), which requires the court to make findings of fact and conclusions of law, is only invoked upon the final determination of a suppression motion. Since the issue of the warrantless search was still to be determined pending the hearing to controvert the warrants, the court had not yet rendered a final determination.

However, we conclude that the hearing court erred in denying the defendant's application to quash search warrant No. 74 because the Judge who issued that warrant did not have a stenographic record made of his examination of the police informant as required by CPL 690.40 (1). It is our opinion that the recent decision by the Court of Appeals in *People v Taylor* (73 NY2d 683) is controlling and requires a reversal of the judgment of conviction in this case. The central issue in *People v Taylor (supra)* was whether there was substantial compliance with CPL 690.40 (1), which mandates that the testimony taken in support of a search warrant application "be either recorded or summarized on the record by the court". In *Taylor,* the police brought two confidential informants before a Town Justice in order to obtain a warrant to search the defendant's residence. Their testimony was not recorded, and the Justice only made a "few" handwritten notes for his " 'own edification' " *(People v Taylor, supra,* at 686). However, at the time of the suppression hearing, held almost six months after the warrant had been executed, the Justice's notes could not be found *(People v Taylor, supra,* at 687). Furthermore, when he testified at the suppression hearing, the Justice was unable to recall much of the proceedings pertaining to the warrant application. The police officer who had made the warrant application claimed no personal knowledge of the facts upon which it was based; rather, his supporting deposition stated that the application was based on information provided by the confidential informants who claimed

that they had been at the defendant's house. Apparently, neither informant would sign a sworn statement, and neither had previously supplied information to the police department.

The Court of Appeals determined that the defendant's suppression motion should have been granted "because the statutory standards for the warrant were not satisfied, and the purposes for which they exist were undermined. * * * The procedure followed in this case did not comply with the statutory mandate for recordation" as set forth in CPL 690.40 (*People v Taylor*, 73 NY2d 683, 688, *supra*). The court went on to distinguish the earlier case of *People v Brown* (40 NY2d 183), as follows: "The lack of assurance of the regularity of the application process is manifest when this case is compared with *People v Brown* (40 NY2d 183, *supra*), which articulated the principle of substantial compliance for warrant applications. Unlike *Brown*, here it cannot be said that 'the record shows a conscientious effort to comply with constitutional and statutory requirements'. (*Id.*, at 188.) Although in *Brown* the informant's statement had not been recorded, the court noted on the record at the time the warrant was issued that he had heard the informant and that his testimony was essentially the same as the recorded statement made by the police officer. There is no comparable record by the court here. The Magistrate's 'few' notes taken for his 'own edification' cannot be equated with an effort, let alone a *conscientious* effort, to create a contemporaneous record of the testimony given by the informants as required by statute. Moreover, no effort was made to file those notes with the court or preserve them in any other way for purposes of legitimate challenge to the warrant" (*People v Taylor, supra*, at 689).

In the instant case, as in *Taylor (supra)*, the affidavit of the police officer made in support of the application for a warrant was not based upon personal knowledge, but was based upon the hearsay information of a confidential informant. Similarly, the informant apparently did not sign a sworn statement and the informant had not supplied information to the police in the past. In fact, at the suppression hearing, the police officer conceded that the informant did not have a "reliable history based upon prior activities". Indeed, when the police executed the warrant based upon the information supplied by the informant, they did not find any of the items where the informant had said they would be. Furthermore, at the time the informant was questioned by the Judge, no court reporter was present, and apparently no notes were taken. In addition, unlike the *Taylor* case, the Judge who issued the warrant here

did not testify at the suppression hearing. It should be noted in this regard that suppression was granted in *Taylor* even though the Justice appeared at the hearing and testified that he took some notes. Thus, there is no evidence of an "effort, let alone a *conscientious* effort, to create a contemporaneous record of the testimony given by the informants as required by statute" *(People v Taylor, supra,* at 689).

Under similar circumstances, i.e., where "no record of the informant's testimony has been preserved for independent review either by the suppression court or by" the appellate court, the courts have granted suppression of evidence seized pursuant to a search warrant *(People v McGriff,* 142 AD2d 934; *People v Lewis,* 73 AD2d 1032; *see also, People v Lalli,* 43 NY2d 729).

Accordingly, the judgment of conviction is reversed and that branch of the defendant's motion which was to suppress the physical evidence recovered as a result of the searches made pursuant to both warrants No. 74 and No. 90 is granted. Even though the affidavit submitted in support of the application for warrant No. 90 was based upon observations made by the police of rifles and safes in plain view from an area delineated in the first warrant, the physical evidence obtained pursuant to warrant No. 90 must nevertheless be suppressed because warrant No. 90 was issued based upon the evidence seized pursuant to the improperly issued warrant No. 74. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.