■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED KACALSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428), we find that the record discloses that there is legally sufficient evidence for the jury to have found that the victim sustained "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, People v Bogan,* 70 NY2d 860, *rearg denied* 70 NY2d 951). (Appeal from Judgment of Erie County Court, Drury, J.— Assault, 3rd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN E. DODGE, Appellant.—Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress evidence seized pursuant to a search warrant. The issuing court properly recorded the informant's in-camera testimony, which was available for review by County Court *(see,* CPL 690.40 [1]; *People v Taylor,* 73 NY2d 683, 689). There is no statutory requirement that the written application for the search warrant must be filed with the issuing court *(cf.,* CPL 690.36 [3]). Here, the written application was preserved and available to defense counsel for review. (Appeal from Judgment of Steuben County Court, Finnerty, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.