■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. BOWERS, Appellant. — Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered October 26, 1981, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the first degree and criminal possession of a controlled substance in the fourth degree. On December 9, 1980, State Police Investigator Tighe appeared before the Norwich Town Justice and applied for a warrant to search the premises and person of defendant at Box 39, Crandall Street, Norwich. In his supporting affidavit, Tighe set forth information from an informant, one Manwarren, who had been arrested the previous day and charged with felony possession of marihuana. Manwarren ostensibly advised Tighe that he had purchased the marihuana from defendant on December 8, 1980 at the latter's premises and had done so on numerous occasions during the previous six months. Tighe also stated that he had received information on three other occasions from persons known to be involved in drug activity that defendant was "heavily involved in the sale of marihuana and controlled substances". Based on this information, a warrant was issued and that afternoon items of contraband were seized from both defendant's home and his vehicle. Defendant was subsequently charged in a six-count indictment with criminal possession of various controlled substances and marihuana. After

defendant's motion to vacate the search warrant and suppress the evidence seized pursuant to that warrant was denied, he pleaded guilty to criminal possession of marihuana in the first degree and criminal possession of a controlled substance in the fourth degree, and was sentenced to a three-year term of imprisonment. The issue in this appeal is the sufficiency of the supporting affidavit upon which the warrant was issued. At the outset, we note that the court failed to fix a minimum term of imprisonment as required by law (Penal Law, § 70.00, subd 3, par [b], eff Sept. 1, 1980). Although the issue is not raised in either brief, we conclude that the matter should be remitted for resentencing in compliance with the statute (CPL 470.15, subd 2, par [c]; *People v Haynes,* 88 AD2d 1070, 1071; *People v Van Buren,* 87 AD2d 900). Defendant contends that the search warrant application failed to satisfy the two-prong test governing the use of hearsay enunciated in *Aguilar v Texas* (378 US 108). We disagree. When probable cause is predicated upon hearsay information obtained from an informant, the magistrate issuing the warrant must be informed of the underlying circumstances from which the informant concluded that there was criminal activity and which establish the informant's reliability (*Aguilar v Texas, supra,* p 114; *People v Brown,* 40 NY2d 183; *People v Wheatman,* 29 NY2d 337, 344). Where as here, the informant's identity is disclosed to the magistrate and he has made statements obviously against his own penal interest describing in detail his recent purchases of marihuana from defendant at the premises to be searched, a sufficient basis for the informer's reliability exists (*United States v Harris,* 403 US 573; *People v Hardwood,* 90 AD2d 923; *People v Wolzer,* 41 AD2d 679, 680). Moreover, since the information was gleaned from personal observations, the information, if credible, provided sufficient "basis of knowledge" to establish probable cause (*People v Brown,* 40 NY2d 183, 186, *supra*). In our view, the application was sufficient to justify issuance of the warrant. Next, defendant contends, and the People concede, that the warrant application failed to include a statement of reasonable cause as required by CPL 690.35 (subd 2, par [b]). The People urge, however, that the application was in substantial compliance with the statutory requirement and that the error was harmless. We agree. The warrant application should not be read in a hypertechnical manner, but must be considered in light of everyday experience and allowed all reasonable inferences (*People v Hanlon,* 36 NY2d 549, 559). The obvious purport of the affidavit was that either marihuana or other controlled substances would be found at defendant's residence or on his person. This is particularly evident since the illegal transactions described in the affidavit occurred at the Bowers' residence. We also note that the affidavit's "wherefore clause" requested a search of defendant's person and "anyone present at the subject premises reasonably believed to possess controlled substances and/or marihuana". In our view, since there was an appearance before a magistrate and substantial compliance with statutory formality, the warrant should be upheld (*People v Brown,* 40 NY2d 183, 185-186, *supra; People v Johns,* 41 AD2d 342, 344-345). Finally, the record shows that after the warrant was executed, one of the police officers asked if defendant objected to a search of his vehicle and defendant responded "No, what difference does it make, now". Defendant refuted this statement, contending that he merely acquiesced to perceived police authority under duress. The issue of consent presents a question of fact and credibility for the suppression court to resolve. Although defendant was in handcuffs, there is nothing to suggest he was coerced into authorizing the vehicle search. Viewing all the circumstances, we find the consent voluntary and the resulting vehicle search valid. Judgment modified, on the law, by vacating the sentence imposed and by remitting to the County Court of Chenango County for resentencing,

and, as so modified, affirmed. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.