■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. STAFFORD, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 2, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Following his arrest by Town of Bethlehem Police for sale of cocaine, John J. Wilson told the arresting officer that he had more cocaine at home which he had purchased from his brother-in-law, defendant herein. Wilson further stated that defendant lived at 23 Tatersall Lane in the Town of Colonie. After the officer relayed this information to Investigator James Gerace of the Town of Colonie Police Department, an application for a search warrant was prepared based upon supporting depositions from both policemen. A warrant was issued by a Colonie Town Justice and, upon execution, marihuana, cocaine, a scale and documents pertaining to drug

transactions were seized in defendant's home at 23 Tatersall Lane. He was indicted for criminal possession of a controlled substance in the third degree and, after an unsuccessful suppression hearing, pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fourth degree. Defendant received an indeterminate prison sentence of 1⅓ to 4 years. On appeal, defendant contends that the issuance of the warrant was not supported by probable cause and that the denial of the suppression motion was error. We disagree and affirm.

A search warrant cannot issue unless it has been shown that reasonable cause exists to believe that contraband may be found in the place or upon the person designated or described in the application for the warrant (CPL 690.40 [2]). The required reasonable cause can be established on the basis of an informant's statement provided that it is demonstrated both that the informant is reliable and that the informant had some "basis of knowledge" on which to predicate the information he has given *(Aguilar v Texas,* 378 US 108, 114; *People v Rodriguez,* 52 NY2d 483, 488-489; *People v Elwell,* 50 NY2d 231, 236; *see, People v Landy,* 59 NY2d 369, 375, n; *People v Brown,* 95 AD2d 569, 572). In *People v Bowers* (92 AD2d 669), this court held that "[w]here as here, the informant's identity is disclosed to the magistrate and he has made statements obviously against his own penal interest describing in detail his recent purchases * * * from defendant * * * a sufficient basis for the informer's reliability exists" *(id.,* p 670, citing *United States v Harris,* 403 US 573). In addition, we observed in *Bowers* that "since the information was gleaned from personal observations, the information, if credible, provided sufficient 'basis of knowledge' to establish probable cause" *(People v Bowers, supra,* p 670, citing *People v Brown,* 40 NY2d 183, 186). The same reasoning pertains herein, where the informant provided information based on personal observations and elaborated on his own criminal activity in a fashion strikingly similar to that set forth in *Bowers.*

We further reject defendant's contention that the supporting depositions were deficient in that they did not allege that cocaine was contained in the premises to be searched. Such an assertion could reasonably be inferred from the facts stated. It is well established that "search warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest. On the contrary, they must be considered in the clear light of everyday experience and accorded all reasonable inferences" *(People v Hanlon,* 36

NY2d 549, 559). In our view, the supporting depositions here pass muster for the issuance of the warrant *(see, People v Brown,* 40 NY2d 183, *supra; People v Bowers, supra; People v Harwood,* 90 AD2d 923) and the court correctly denied defendant's motion to suppress.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.