■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDMUNDS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered June 10, 1985, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled

substance in the third degree (three counts) and the violation of unlawful possession of marihuana.

By search warrant dated May 3, 1984, a Columbia County Judge authorized the search of a "black four door Ford sedan driven by [defendant]", together with, *inter alia,* defendant's person. The Judge issued the warrant after reviewing the affidavit of State Police Investigator Robert T. Brenzel and hearing the testimony of a "citizen informant".

Defendant, who was indicted for various drug-related crimes, submitted an omnibus motion seeking, *inter alia,* the suppression of certain oral statements he made to law enforcement officials and the suppression of tangible property seized pursuant to the search warrant. County Court rendered a decision wherein it acknowledged that the District Attorney had agreed not to use any oral statements at trial. Consequently, the suppression issue distilled to a consideration of the validity of the search warrant. In this regard, defendant requested that the application for the search warrant be made available to him so that he could prepare an argument which would demonstrate that the warrant was not based on probable cause. County Court declined to allow defendant to review the testimony of the informant and, after conducting an in camera review of the testimony given before the Judge who issued the warrant, concluded that the informant's testimony provided a sufficient basis for the issuance of the search warrant. Accordingly, County Court denied defendant's suppression motion.

At the eve of trial, defendant renewed his suppression motion. County Court denied this motion as untimely and upon the further ground that the affidavits submitted by defense counsel did not raise an issue requiring a deviation from the court's prior determination. Defendant subsequently pleaded guilty as charged and this appeal ensued.

Defendant's initial contention is that County Court erred in denying defendant's renewal motion as untimely. This contention is simply not supported by the record. The record demonstrates that even though County Court determined that the motion was untimely, it entertained the motion on its merits and, as such, denied it.

Defendant's next and central argument is that County Court erred in denying him motion without conducting a hearing. Defendant contends that he should have been allowed to raise, at a hearing, the issue of whether the testimony presented by the private citizen before the Judge who

issued the search warrant was perjurious. The alleged perjury of the citizen informant, however, is not a pertinent issue here *(see, People v Slaughter,* 37 NY2d 596, 600; *People v Ward,* 95 AD2d 233, 237-238; *People v Friss,* 65 AD2d 907). "This is so because the Fourth Amendment protects individuals against unreasonable governmental action, not against misconduct by fellow citizens" *(People v Ward, supra,* p 238).

The issue to be determined in a circumstance such as this is whether the information supplied by the citizen informant provided probable cause for the issuance of the warrant *(see, supra; see also, People v Hicks,* 38 NY2d 90). We have reviewed in camera the citizen's testimony and find that such testimony beyond question provided probable cause for the issuance of the warrant *(see, People v Hicks, supra).*

We have examined defendant's remaining contentions and find them to be without merit. The judgment should, therefore, be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.