■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY H. BRIGGS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 14, 1986, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of marihuana in the second degree.

On July 2, 1985, Frank H. Jarvis swore to an affidavit before an acting St. Lawrence County Judge averring to his participation with one Kim Oshier in a June 26, 1985 drug buy from defendant at defendant's house. Based upon affidavits from Jarvis and Trooper Donald Potter, a warrant to search defendant's house was granted and executed by the State Police on July 2, 1985. A substantial quantity of marihuana and cash were seized. Indictment No. 85-90 was returned charging defendant with criminal possession of marihuana in the second degree. A hearing on defendant's omni-

bus motion was held and, on March 11, 1986, County Court dismissed the indictment with leave to re-present the matter to another Grand Jury. However, suppression of the marihuana was denied.

On March 26, 1986, indictment No. 86-040 was returned charging defendant with the same crime based upon the same events of July 2, 1985. County Court, without a hearing, denied defendant's omnibus motion which included a motion to suppress the evidence seized, holding the issues raised were the same as those raised on the superseded indictment (No. 85-90). The court held that the Jarvis affidavit could not be impeached for suppression purposes because he was not a governmental agent. Thereafter, on September 15, 1986, defendant pleaded guilty to the reduced charge of attempted criminal possession of marihuana in the second degree and was subsequently sentenced to 1 to 3 years' imprisonment. This appeal ensued.

Defendant's principal argument is that the search warrant, pursuant to which the evidence was seized, was invalid because it was issued upon information which he claims had been fabricated and made with a reckless disregard for the truth by Jarvis, the informant.* Further, defendant alleges a total lack of substantiation of either Jarvis' credibility or the reliability of the information upon which the warrant was based (see, Aguilar v Texas, 378 US 108; People v Bigelow, 66 NY2d 417, 420). We disagree. Where an informant's identity is disclosed to the issuing Judge and he has made statements obviously against his own penal interest in describing in detail his recent purchase of marihuana from defendant at the premises to be searched, a sufficient basis for the informant's reliability exists (see, People v Bowers, 92 AD2d 669, 670; see also, People v Stafford, 113 AD2d 995, 996). Jarvis' affidavit stated that he had purchased marihuana from defendant on over 20 occasions, either at defendant's house or at his own house, and that the total amount exceeded 50 pounds. On the night in question, Jarvis observed Oshier go upstairs with defendant and return to his car with five pounds of marihuana in a green garbage bag. Oshier paid defendant approximately $4,800. This information by Jarvis was based on his personal involvement and his own observations, and elaborated on his own criminal activity. This affidavit and the

---

* At the hearing on the prior indictment, defendant offered witnesses and documentary evidence to prove he was some 100 miles from his home at the time of the alleged sale of marihuana at his home on June 26, 1985.

supporting deposition of Trooper Potter provided a sufficient basis for finding probable cause for issuance of the search warrant.

We further find that a second suppression hearing was unnecessary. There was no new or previously unoffered evidence. Moreover, whether Jarvis, a citizen informant, perjured himself is not the pertinent issue here *(see, People v Edmunds,* 119 AD2d 901, 903), because "the Fourth Amendment protects individuals against unreasonable governmental action, not against misconduct by fellow citizens" *(People v Ward,* 95 AD2d 233, 238). The issue is whether the information supplied by Jarvis provided probable cause for the issuance of the warrant *(see, People v Edmunds, supra* at 903). We find that it did.

We have examined defendant's remaining contentions and find them to be unpersuasive.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.