■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK O'DONNELL, Respondent.—Mercure, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered June 7, 1988, which granted defendant's motion to suppress evidence.

The sole issue raised on this appeal is whether County Court erred in granting defendant's motion to suppress physical evidence seized pursuant to an allegedly invalid search warrant. Because we conclude that the search warrant was improperly issued and the evidence correctly suppressed, we affirm.

Two affidavits were submitted in support of the search warrant. The affidavit of State Police Investigator Peter Arcadi stated that Arcadi received information from a "confidential source of known reliability that a subject he knows to be [defendant] * * * is involved in the illicit trafficking of the controlled substance cocaine", that the informant had "known" defendant to bring cocaine from Florida in the past and sell it in the area of the Village of Malone, Franklin County, that defendant is presently en route from Florida at this time with a "large quantity" of cocaine destined for the "northern New York area", and that the informant believes that defendant will either drive his personal vehicle or will fly into one of the local airports on or before January 15, 1988. Arcadi's affidavit further stated that the State Police had confirmed with the local airlines that defendant had booked a flight which was scheduled to arrive at an area airport on January 13, 1988.

The affidavit of Senior Investigator Alfred Bousquet stated that he had received an anonymous telephone tip from a female who advised that the State Police should be on the lookout for defendant, who lives in the Malone area and has gone to Florida to bring back "a lot" of cocaine, that she knew

defendant and that he has been involved in the selling of cocaine for the past several years, that defendant was working with a named subject from the Malone area and that defendant drives a pickup truck. A search warrant was issued, authorizing a search of the person of defendant and all luggage found in his possession. The application was subsequently supplemented by an additional affidavit of Arcadi stating that defendant did not take the scheduled airline flight and was apprehended on January 13, 1988, driving a Ford pickup truck. The search warrant was amended to permit a search of the truck, which uncovered a quantity of cocaine.

Because the information submitted on the application was hearsay, as a matter of State constitutional law (NY Const, art I, § 12), the *Aguilar-Spinelli* test applies *(People v Grim- inger,* 71 NY2d 635, 637; *cf., Illinois v Gates,* 462 US 213; *see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108), requiring that the application set forth facts and circumstances showing that (1) the informant was reliable, and (2) the informant had a basis of knowledge for the information furnished *(see, Aguilar v Texas, supra,* at 114; *People v Bige- low,* 66 NY2d 417, 423; *People v Mullins,* 137 AD2d 227, 230, *lv denied* 72 NY2d 922). In our view, the application failed to satisfy either "prong" of the test.

The first or "veracity" prong of the test "concerns the trustworthiness of the person supplying the information and requires the affiant to set forth the reasons which led him to conclude that the informer was credible or that his information was reliable" *(People v Hanlon,* 36 NY2d 549, 556). Here, Arcadi's affidavit states only that the informant is "of known reliability"; Bousquet's affidavit makes no statement concerning reliability at all. Neither affidavit sets forth any facts as to the informant's " 'track record', his past performance as a supplier of information" *(People v Johnson,* 66 NY2d 398, 403). This omission is fatal, because it is the issuing Magistrate and not the affiant who is to make the determination of reliability. Here, "the Judge was relegated to accepting the officers' assessment of the reliability of the information obtained from the interviews, the very result which the *Aguilar-Spinelli* standard was designed to avoid" *(People v Mullins, supra,* at 231; *see, People v Glass,* 136 AD2d 892, *lv denied* 71 NY2d 968; *People v McGriff,* 130 AD2d 141, 148).

The "basis of knowledge" requirement, focusing on the trustworthiness of the information, can be satisfied either by the informant's own description of underlying circumstances personally observed or, failing this, by police investigation

that corroborates defendant's actions or develops information consistent with detailed predictions by the informant *(see, People v Bigelow, supra,* at 423-424). Here, the informants' statements contained no allegations legally supportive of a finding that the information was based upon personal knowledge. Familiarity with defendant is by no means tantamount to knowledge of his alleged drug activities. Nowhere is it alleged that either of the informants ever saw defendant buy, sell, use or possess drugs, or admit or even allude to his involvement with drugs *(cf., People v Briggs,* 135 AD2d 875, 876). Moreover, the statements did not describe defendant's activities with sufficient particularity to warrant an inference of personal knowledge *(see, People v Mullins, supra,* at 231; *People v McGriff, supra,* at 148; *cf., People v Rodriguez,* 52 NY2d 483, 493).

Finally, the subsequent police corroboration of certain elements of the information, i.e., that defendant would be traveling to the Malone area around January 13, 1988 and that he drove a pickup truck, did not supply evidence of the informants' reliability or the basis for the knowledge imparted. "Probable cause for [a] search will have been demonstrated only when there has been confirmation of sufficient details suggestive of or directly related to the criminal activity informed about to make reasonable the conclusion that the informer has not simply passed along rumor, or is not involved * * * in an effort to 'frame' the person informed against" *(People v Elwell,* 50 NY2d 231, 234-235; *see, People v Bigelow, supra,* at 426; *People v Rodriguez, supra,* at 492). Here, the corroborated facts are entirely as consistent with innocent behavior as with criminality and are not sufficiently explicit, extensive or well confirmed to warrant the inference that the informants or their sources were speaking from personal observation *(see, People v Elwell, supra,* at 242).

Order affirmed. Kane, J. P., Weiss Yesawich, Jr., Mercure and Harvey, JJ., concur.