■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHIMBA TARIQ, Also Known as CARL JONES, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 20, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Based upon information supplied by a confidential informant, members of the Binghamton Police Department obtained a search warrant covering defendant's residence and his vehicle. The warrant was executed as defendant drove into his driveway. Upon exiting his vehicle, defendant was immediately frisked, handcuffed and informed of the search warrant. Defendant supplied the key to the front door of his home and asked to be present during the search. His request was denied and he was taken to the police station. The search of defendant's home revealed a handgun and a small quantity of cocaine. When told of the results of the search at the police station, defendant made several incriminating statements.

Following his indictment on weapon possession and drug possession charges, defendant moved to suppress the physical evidence produced by the search of his home and the incriminating statements made at the police station. The motion was denied after a hearing, and defendant thereafter entered a plea of guilty to one count of criminal possession of a weapon in the third degree in full satisfaction of the indictment. On appeal, defendant maintains that County Court erred in refusing to suppress the evidence and statements.

It is conceded that defendant's arrest prior to the search was illegal, and defendant maintains that both the physical evidence and the incriminating statements were fruits of the

illegal arrest. Defendant relies upon *People v Harris* (72 NY2d 614), where the defendant made oral statements after he was illegally arrested in his home, in violation of *Payton v New York* (445 US 573), and given *Miranda* warnings; he also gave a written statement one hour later at the police station after again being advised of his *Miranda* rights. The courts initially suppressed the oral statements made by the defendant in his apartment as the fruit of the illegal arrest, but refused to suppress the written statement on the ground that the taint of the illegal arrest had been attenuated by the passage of time and the repetition of the *Miranda* warnings. The Court of Appeals reversed, holding that "the short time period and the continuous police presence with defendant from the time he was arrested until the time he gave his statement, without any legally significant intervening event, indicate that the station house statement was no less a product of the Fourth Amendment violation than was the statement defendant made in his apartment which the courts below suppressed" *(People v Harris, supra,* at 621). The United States Supreme Court later reversed *(New York v Harris,* 495 US 14, 110 S Ct 1640), holding that there was no need to reach the attenuation issue because the police had probable cause to arrest the defendant and, therefore, the exclusionary rule did not bar the use of the statement made by the defendant outside of his home, even though the statement was taken after an arrest made in the home in violation of *Payton.* In effect, the Supreme Court held that the statement taken from the defendant in *Harris* at the station house was not the fruit of the arrest in his home in violation of the *Payton* rule *(see, Minnesota v Olson,* 495 US 91, —, n 2, 110 S Ct 1684, 1687, n 2).

Here, too, although the police lacked probable cause to arrest defendant, neither his statements at the police station nor the evidence seized from his home were the fruit of that illegal arrest. Defendant made no incriminating statements at his home. Rather, he was not questioned by the police until they returned to the police station after the search, and the incriminating statements were made only after defendant had been confronted with the fruits of the search. In these circumstances, it is clear that both the physical evidence and the incriminating statements were the product of the search, which was conducted pursuant to a search warrant and not as an incident to the unlawful arrest.

As to the validity of the search warrant, defendant does not challenge the merits of County Court's ruling but instead asserts that County Court's ruling is infected by two proce-

dural errors in the suppression hearing process. Defendant maintains that because the County Judge examined the confidential informant in camera and issued the search warrant on the basis of that examination, he should have recused himself from presiding at the suppression hearing. However, in *People v Tambe* (71 NY2d 492, 506), the Court of Appeals concluded that: "Nothing in the statute prevents the Judge issuing a warrant from entertaining a motion to suppress evidence seized pursuant to it * * * and we see no reason for a rule prohibiting him from doing so. There is no basis to conclude that such Judges fail to give suppression motions anything less than fair and impartial consideration and further review is available by the Appellate Division which possesses the same power in such matters as does the suppression court" (citations omitted). Defendant seeks to distinguish *Tambe* from this case on the ground that the Judge herein had conducted an in camera interview of a confidential informant whose reliability had not been established, but we see nothing significant in this fact, particularly inasmuch as the interview was transcribed and preserved for appellate review.

Defendant also contends that County Court erred in failing to conduct a *Darden* hearing *(see, People v Darden,* 34 NY2d 177), but defense counsel never requested such a hearing and we cannot fault County Court for failing to perceive defense counsel's requests for information about the informant as the "functional equivalent" of a request for a *Darden* hearing.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.