■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL BELGRAVE, Appellant.—Judgment, Supreme Court, New York County (Peter McQuillan, J.), rendered March 22, 1985, convicting defendant after a jury trial of murder in the second degree, and sentencing him to 15 years to life, unanimously affirmed.

Defendant was convicted for the killing of his estranged

wife, whom he shot several times and threw, alive, into the East River, where she drowned. Defendant made various inculpatory statements to several persons, including a fellow prisoner who in the past had provided information to law enforcement authorities.

Defendant's motion to suppress was denied following a hearing pursuant to *Massiah v United States* (377 US 201). Defendant presents no evidence of an agreement between any government official and the prisoner to provide information about the defendant, nor instructions from the official concerning how the prisoner should have obtained the information, nor the promise or receipt of benefits to the prisoner as a result of the information he was providing. *(See, United States v Taylor,* 800 F2d 1012, 1016 [10th Cir 1986], *cert denied* 484 US 838; *People v Cardona,* 41 NY2d 333.)* Defendant made only unprompted statements to a third party, and assumed the risk that his fellow prisoner would turn over this information to authorities. The mere fact that the informant, who was clearly acting on his own initiative, had provided information in other cases does not render him an agent of the police for all purposes *(see, People v Gibbs,* 157 AD2d 799).

With respect to evidence of defendant's prior bad acts, concerning his relationship with two female witnesses, defendant's failure to object waives the claim for review as a matter of law (CPL 470.05 [2]). In light of the overwhelming evidence, it cannot be said that this evidence affected the verdict.

The prosecutor's cross-examination of character witnesses utilized improper questions. However, again, in view of the overwhelming evidence of guilt, any error was harmless beyond a reasonable doubt.

Finally, the Court's substitution of an alternate juror during trial, prior to deliberations, did not deprive defendant of his constitutional and statutory right to a jury of his own choosing. The record indicates that the juror contacted the court clerk to state that he was unable to come to court, insofar as his apartment was flooded, he had been up all night responding to the flood, and that he had an autistic child for which his wife had been caring. The court denied defendant's application for a continuance, and substituted the alternate juror. We conclude that the juror's absence resulted from compelling hardship, rather than mere inconvenience. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.