■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. COVEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Delaware County (Mugglin, J.), rendered January 22, 1991, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Based upon information supplied by an informant, State Troopers instructed the informant to meet with defendant for the purpose of purchasing cocaine. The informant met with defendant on July 19, 1990, but no sale occurred. The following day a State Police surveillance team watched as defendant

and the informant met again. Defendant and the informant arrived in separate vehicles. A codefendant got out of defendant's vehicle and went to the informant's vehicle, while the informant got out of his vehicle and went to defendant's vehicle, where they talked for about 10 minutes. After the meeting, the informant told the Troopers that defendant had directed him to meet with the codefendant later that afternoon to complete the transaction. The informant thereafter met with the codefendant and purchased a quantity of cocaine.

In the meantime, the State Troopers obtained a search warrant based upon the information supplied by the informant and the observations of the surveillance team. Shortly after the informant purchased the cocaine, the Troopers stopped defendant's vehicle for the purpose of executing the search warrant. When defendant attempted to leave the scene, a scuffle ensued, during which defendant received a cut. Defendant was placed in a police vehicle and transported to the hospital emergency room. During the ride to the hospital, defendant was placed under arrest for the sale of cocaine. After defendant was treated at the hospital, he was transported to the State Police barracks and, during this ride, he made certain incriminating statements.

Defendant moved to suppress the statements. After a hearing the suppression court concluded that the information supplied by the confidential informant, as verified by the State Troopers, provided probable cause for defendant's arrest, that defendant's statements were voluntarily made and that the statements were admissible at trial. Following the denial of his suppression motion, defendant entered a plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and he was sentenced to a term of 2 to 6 years in prison.

On appeal, defendant argues that his statements should have been suppressed because the search warrant was invalid under the *Aguilar-Spinelli* test *(see, People v O'Donnell,* 146 AD2d 923, 924; *see also, Spinelli v United States,* 393 US 410; *Aguilar v Texas* 378 US 108).* We agree with the People, however, that the validity of the search warrant is not relevant to the admissibility of the statements. This is not a case where the statements are a direct or indirect result of incriminating evidence seized during an illegal search *(see, e.g., People v Patterson,* 165 AD2d 673, *lv denied* 76 NY2d 989). On the contrary, the search produced no incriminating evidence and defendant volunteered his statements after he had been ar-

rested on the basis of information obtained by the State Police prior to and independent of the search. Because the statements were incident to the arrest, and not the product of the search, the statements would not be inadmissible if the search was found to be illegal *(see, People v Tariq,* 170 AD2d 716).

As to the validity of the arrest, defendant contends that probable cause was lacking because the arrest was based upon hearsay information supplied by an informant. Probable cause may be supplied, in whole or part, through hearsay information if there is a reasonable showing that the informant was reliable and had a basis of knowledge *(People v Griminger,* 71 NY2d 635, 639; *People v Johnson,* 66 NY2d 398, 402). Because the information supplied by the informant herein was obtained through his own personal observations, the basis of knowledge test was satisfied *(see, People v Bigelow,* 66 NY2d 417, 423). As to the informant's reliability, we note that the information was supplied by an identified private individual, rather than an unnamed confidential informant *(see, People v Cantre,* 95 AD2d 522, 526, *affd on opn below* 65 NY2d 790). In any event, as found by the suppression court, the details of the information supplied by the informant were corroborated by the observations of the State Police surveillance team *(see, People v Elwell,* 50 NY2d 231, 237). We see no basis, therefore, to disturb the court's finding of probable cause.

Finally, we find no merit in defendant's claim that the sentence, which was agreed upon in the plea bargain, is harsh and excessive.

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.