■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER P. DE SIVO, Appellant. [599 NYS2d 330] —Yesawich Jr., J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 13, 1991, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and possession of an explosive without a license.

As a result of an ongoing investigation into drug-trafficking activities, which was pursued with the assistance of a confidential informant who made several controlled purchases of methamphetamine from defendant, the State Police obtained warrants to search those areas in which defendant was suspected of keeping drugs and weapons. One warrant authorized searches of defendant's residence, certain vehicles, defendant's person and the person of any other occupant of the vehicles. A second warrant was directed at the residence of defendant's parents, where defendant, who was on parole at the time, had

purportedly hidden some of his weapons, and an adjacent garage where he assertedly carried out illegal drug transactions.

When the warrants were executed, a search of defendant's stopped vehicle, which he and his wife were occupying at the time, produced a small amount of a white powder, in the false bottom of a lighter which defendant admitted owning; defendant's wife had on her person a hypodermic syringe containing a brown liquid. Both substances were later determined to be methamphetamine. In addition, rifles, shotguns, ammunition and other weapons were found at the residence of defendant's parents; a container with a residue of white powder, various items of drug paraphernalia, a few weapons and a blasting cap were discovered in the garage; a shotgun, ammunition, metal knuckles, knives and other weapons, and hypodermic syringes were found in the trailer occupied by defendant and his family; and various items of laboratory glassware were found at both residences. Finally, while returning after searching a shed near defendant's trailer, a police officer discovered a bag containing a disassembled machine gun in some brush near the trailer.

Defendant was indicted on five counts, including possession of illegal weapons, explosives and a controlled substance. After a hearing was held and defendant's suppression motion denied, he pleaded guilty to one count each of criminal possession of a weapon in the third degree and possession of an explosive without a license, in full satisfaction of the indictment. In accordance with his plea bargain, defendant received two consecutive indeterminate sentences of 2 to 4 years of incarceration.

By his brief, defendant has limited his appeal to two issues, namely, the propriety of including (1) his vehicles, and (2) the outbuildings and property surrounding his trailer, within the scope of the first search warrant. With regard to defendant's vehicles, there was ample evidence contained in the warrant application, as reinforced by the affidavit and in camera testimony of the confidential informant, to establish that defendant transported drugs in his vehicles. The informant specifically noted that he had seen methamphetamine at both defendant's garage and his trailer, and that on at least one occasion defendant had transported a large amount of "crank" (methamphetamine) from the garage to the trailer by car. This represents sufficient justification for including the vehicles within the ambit of the search warrant (see, People v

*Stafford,* 113 AD2d 995, 996; *see also, United States v Levasseur,* 619 F Supp 775, 791; *People v Hanlon,* 36 NY2d 549, 559).

As for the sheds surrounding defendant's trailer, it is not unreasonable to infer that one who commits a crime will attempt to hide contraband and other evidence at a place over which he has control *(see, People v Christopher,* 101 AD2d 504, 526, *revd on other grounds* 65 NY2d 417). Here, the warrant application and supporting testimony established that defendant had been aware of the risk involved in keeping machine guns and other dangerous weapons, and had attempted to hide some of those items, both at his parents' residence and elsewhere; these facts provide support for the Magistrate's finding of probable cause to search storage buildings and the surrounding area over which defendant had control, as those would be logical hiding or storage places for the weapons and drugs believed to be possessed by defendant.

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.