[601 NYS2d 737]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRISAFI, Appellant. (Appeal No. 1.)

Fourth Department, July 16, 1993

### APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria,* Buffalo *(Paul J. Cambria, Jr.,* and *Barry N. Covert* of counsel), for appellant.

*Kevin M. Dillon, District Attorney* of Erie County, Buffalo *(Raymond C. Herman* and *John J. DeFranks* of counsel), for respondent.

### OPINION OF THE COURT

DAVIS, J.

On this appeal, the main issue we are asked to determine is whether defendant was entitled to a *Franks* hearing *(see, Franks v Delaware,* 438 US 154) to challenge the veracity of a citizen informant whose in camera testimony before the issuing magistrate provided the probable cause necessary to support the issuance of a search warrant. We conclude that he was not entitled to that relief.

I

On August 27, 1990, a Town Justice of the Town of Amherst issued a search warrant that authorized the search of defendant's person and his residence at 55 Primrose Lane, Amherst. The Town Justice issued the warrant after reviewing the affidavit of Detective Michael Griffin of the Town of Amherst Police Department and hearing the in camera testimony of a citizen informant. The police executed the warrant on August 29, 1990 and seized drugs and weapons. Defendant was subsequently indicted for various drug-related and weapons possession crimes. Thereafter, in an omnibus motion, defendant challenged the validity of the warrant and sought, *inter alia,* the suppression of the tangible evidence seized pursuant to the warrant and the production of the identity and testimony of the citizen informant. The People opposed defendant's motion. County Court directed the People to provide defendant with a redacted version of the informant's in camera testimony.

In a supplemental notice of motion, defendant moved, *inter alia,* for a *Franks* hearing regarding the veracity of the informant, and alternatively, for a hearing to determine whether the informant was a government agent. County Court denied the motion. Defendant subsequently pleaded guilty to one count of criminal possession of a controlled substance in

the second degree in full satisfaction of the indictment and was sentenced, pursuant to a plea and sentence agreement, to an indeterminate term of three years to life.

## II

Defendant contends that County Court erred in denying his request for a *Franks* hearing regarding the veracity of the informant. We disagree.

In *Franks v Delaware (supra,* at 155-156), the United States Supreme Court stated: "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

The Supreme Court specifically stated that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant" *(Franks v Delaware, supra,* at 171).

The holding in *Franks* restated the long-existing rule in New York that "a defendant is entitled to a hearing in which he may challenge the truthfulness of the allegations in the affidavit supporting a search warrant only where he attacks the veracity of the police officer affiant, and not where * * * the credibility of the source of information is challenged" *(People v Slaughter,* 37 NY2d 596, 600; *see, People v Solimine,* 18 NY2d 477, *rearg denied* 21 NY2d 1041).

Defendant requests this Court to extend the scope of the holdings in *Franks* and *Slaughter* to permit a challenge to the veracity of a citizen informant who, as here, testified before the Town Justice who issued the search warrant. We decline to do so because that would misapprehend the primary justification for the exclusionary rule, which is to deter governmental or police misconduct *(see, Stone v Powell,* 428 US 465, 486, *reh denied* 429 US 874; *Linkletter v Walker,* 381 US 618, 637;

*People v Bradley,* 181 AD2d 316, 318-319, *lv granted* 80 NY2d 936, *appeal dismissed* 81 NY2d 760; *People v Edmunds,* 119 AD2d 901, 903). The alleged perjury by a citizen informant will not be deterred by suppressing evidence. That deterrence will be better achieved by prosecuting the informant for perjury.

In any event, defendant was not entitled to a *Franks* hearing because he failed to make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" *(Franks v Delaware, supra,* at 155-156). The affidavit of defendant's houseguest, proffered in support of defendant's supplemental motion, was factually insufficient to demonstrate that the informant falsely testified, either knowingly or with reckless disregard for the truth, about the presence of cocaine in defendant's residence.

### III

■ Defendant further contends that County Court erred in denying his motion for a hearing to determine whether the informant was a government agent. There is no merit to that contention. Defendant failed to allege facts to support his contention that the informant was a government agent *(see, People v Cardona,* 41 NY2d 333, 335; *People v Gibbs,* 157 AD2d 799, *appeal dismissed* 76 NY2d 851, *rearg denied* 77 NY2d 835). Finally, the record shows that the informant, acting on his own initiative, provided information to the police. "Defendant present[ed] no evidence of an agreement between any government official and the [informant] to provide information about the defendant, nor instructions from the official concerning how the [informant] should have obtained the information, nor the promise or receipt of benefits to the [informant] as a result of the information he was providing" *(People v Belgrave,* 172 AD2d 335, 336, *lv denied* 78 NY2d 962). Under those circumstances, defendant was not entitled to a hearing on that issue *(cf., People v Carlisle,* 172 AD2d 169, 171, *lv dismissed* 80 NY2d 973).

### IV

Accordingly, the judgment of conviction should be affirmed.
DENMAN, P. J., BALIO, LAWTON and FALLON, JJ., concur.
Judgment unanimously affirmed.