■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERLEAN DIXON, Appellant. [614 NYS2d 956] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress admissions that defendant made to another prisoner at the Jefferson County Jail. There is no merit to defendant's contention that the testimony of the prisoner should have been suppressed because she was an agent of the police. "Defendant present[ed] no evidence of an agreement between any government official and the prisoner to provide information about the defendant, nor instructions from the official concerning how the prisoner should have obtained the information, nor the promise or receipt of benefits to the prisoner as a result of the information [she] was providing" *(People v Belgrave,* 172 AD2d 335, 336, *lv denied* 78 NY2d 962; *see, People v Grisafi,* 192 AD2d 147, 150). The record supports the court's finding that defendant made only unprompted statements to that prisoner *(see, People v Belgrave, supra).* The mere fact that the prisoner had provided information in other cases does not render her an agent of the police for all purposes *(see, People v Cardona,* 41 NY2d 333,

335; *People v Belgrave, supra,* at 336; *People v Gibbs,* 157 AD2d 799, *appeal dismissed* 76 NY2d 851).

We conclude that the evidence is legally sufficient to convict defendant of planning and soliciting the commission of the armed robbery and that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Jefferson County Court, Clary, J.— Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Davis, JJ.